W. R. BAKER v. D. E. KENNEDY.

*(Case No. 1212.)*

1. DEPOSIT — DEBTOR AND CREDITOR. — A general deposit with a banker
   creates, as between the bank and the depositor, simply the relation of
   debtor and creditor.
2. DEPOSIT — ACTION — DEBTOR AND CREDITOR. — A deposited money
   with B, a banker; the amount was passed to the credit of B on the books
   of a railway company, and a receipt therefor was given, which recited
   that the money was held "subject to the order of C, or whom it might
   concern, being amount of money deposited with B by A to pay A's draft
   in favor of C, which C has not called for." This arrangement was rati-
   fied by A. Afterwards the company consolidated the deposit with items
   of account due D, who received therefor in his own name bonds covering
   the whole amount. In a suit by the assignee of A against D for the
   bonds covering the amount of this deposit, *held* —

1. That no trust existed on the part of the company for the investment of the deposit in bonds.

2. The company, by the transaction, was simply substituted for B, and subrogated to his liability.

3. The action of the company in placing the deposit to the credit of D, if unauthorized, did not make D the trustee for A, or authorize A to pursue any particular investment made by D of the fund.

4. A's remedy against D, if any, was for money received and converted.

5. A judgment against D, for the amount due on the deposit, "which may be discharged by that amount in value of bonds of the company," was error in a suit brought for the recovery of the bonds.

APPEAL from Harris. Tried below before the Hon. James Masterson.

Suit brought by D. E. Kennedy, appellee, against William R. Baker, appellant, for three bonds, executed by the Houston & Texas Central Railway Company to bearer, each for the sum of $1,000; and asking that his title to the bonds be established, and for possession, or in the alternative for their value.

Plaintiff's first amended original petition, filed October 31, 1879, alleged, in substance, that in March, 1871, Thomas M. Shirley deposited with one H. K. White $1,500 in gold; that on the 26th day of November, 1873, White paid over to the Houston & Texas Central Railway Company, for Shirley, that amount, the defendant (Baker) receiving the same, as vice president of the company; that the gold was converted to currency, making $1,657.50, and placed in suspense account on the books of the company; that Shirley ratified this payment made by White to the company and released White; that on the 20th day of March, 1877, Baker, then an officer of the company, without any consideration and with full notice of Shirley's ownership of said fund and credit, induced the company to balance the account by giving him a note for the same, including the interest up to that date, which amounted, principal and interest, to $2,417.50; that Baker afterwards surrendered this note to the company and took the company's bonds

for it, with claims of his own against the company; that all bonds he received from the company were of the class known as the Houston & Texas Central income and indemnity mortgage bonds; that each bond was for the sum of $1,000; that Shirley afterwards demanded of Baker the bonds he had exchanged the note for, when Baker, though admitting Shirley's ownership, declined to deliver them; that Shirley then assigned to Kennedy the three bonds sued for and any and all claims and interest that he had in or to said bonds.

On the 12th of October, 1879, the defendant below filed a general denial.

Upon this pleading and the evidence adduced, the court below gave a judgment in favor of appellee for the sum of $2,858.98.

The plaintiff below entered a remitter of $23.

On November 3, 1879, W. R. Baker filed a motion for a new trial, on the ground that the judgment of the court was contrary to law and the evidence.

The defendant offered no evidence, and there appeared to be no dispute about the facts. On March 11, 1871, T. M. Shirley deposited $1,500 gold with H. K. White, a banker, to pay a draft given to Wasson. Wasson afterwards refused to take the money. White used the money in his business, and in November, 1873, in settling a judgment he had against the Houston & Texas Central Railway Company, allowed as a credit thereon, $1,657.50, being the currency value of the $1,500 gold, and a receipt was given to him by the company as for a deposit of $1,500 gold, "subject to order of W. B. Wasson, or whom it might concern, being amount of money deposited with him by T. M. Shirley to pay Shirley's draft in favor of W. B. Wasson, which Wasson has not called for." This arrangement was afterwards ratified by Shirley.

That amount ($1,657.50 currency) was credited on the books of the company to "suspense account," and so stood until March 20, 1877, when the company executed to Baker its note for the $1,657.50, with interest added to that date,

making $2,417.17. In July, 1877, in a settlement between Baker and the railroad company, the note for $2,417.17 and other items of indebtedness due Baker, were consolidated in one entry, aggregating over $100,000, and for the whole, Baker received certificates for bonds, which, at a later date, were taken up and bonds delivered to him of the issue described in plaintiff's petition. The $2,417.17 note was not represented by any particular bonds.

The bonds received by Baker were part of a large issue, the only distinguishing mark or feature about any of which was the number of the bond.

On August 8, 1879, Shirley executed to appellee, D. E. Kennedy, for $1,000 cash paid, a transfer for three one thousand dollar "income and indemnity mortgage bonds" of the Houston & Texas Central Railway Company. The numbers of the three bonds were not given.

*E. P. Hill* for appellant. — The point presented is fundamental to the case. The plaintiff sues for specific property (three bonds), and his right to recover judgment in any form is dependent upon his proving title in himself to the property sued for.

The deposit ($1,500 gold) made by Shirley with White, a banker, and the use of the money by the latter in his business, constituted the relation of creditor and debtor between Shirley and White. The receipt by the railroad company from White of the $1,657.50 (the value in currency of the $1,500 gold); the terms of the receipt given by the company to White; the entry of the amount on the books of the company to "suspense account," and the subsequent assent of Shirley to this arrangement, may have given rise in legal effect to an undertaking by the company to pay the amount so received to Shirley, upon which undertaking Shirley might have recovered of the company, in an action for money had and received, but no right or title to the specific money paid vested in Shirley. This would be so, even if actual money had passed from White to the

company, whereas here, in fact, no money passed, but the amount was simply allowed as a credit on a judgment of White against the company. Shirley then, having no title or right to the specific money, could not maintain an action therefor against the company nor against appellant Baker (with whom the company, whether by mistake or otherwise, settled the amount of the credit in a note, and afterwards in bonds).

This proposition would be sound even though particular bonds had been issued to Baker in satisfaction of the credit, whereas, in fact, all Baker's credits were consolidated with this amount in one entry, aggregating over $100,000, and for the whole sum one thousand dollar bonds were delivered to him out of a large issue, of which the only feature or mark distinguishing one bond from another is the number of the bond; and furthermore, all the bonds delivered to Baker were one thousand dollar bonds, and the sum in question amounts, with interest, to less than the face or the value of three bonds.

*A. R. Masterson* for appellee.

I. When White made the payment to the Texas Central Railway Company for Thos. M. Shirley, the company held the money in trust for Shirley. Story's Equity, vol. 2, secs. 1041, 1196; 10 Kent, 336; Perry on Trusts, sec. 259.

II. The railway company did abuse the trust by putting the trust fund in the name and under the control of W. R. Baker, by him giving a note for the same. Wetherford *v.* Boon, 17 Tex., 146–7; Merriman *v.* Russell, 39 Tex., 285; 4 Kent, 335; Perry on Trusts, secs. 14, 217, 241, 835; Story's Equity, sec. 1219; Parsons on Contracts, vol. 1, p. 123.

III. Had the appellant taken from the Houston & Texas Central Railway Company one bond for $100,000, the appellee could have claimed the whole bond thus wrongfully mingled; but as he divided it into ten parts, the appellee had only a claim to so much of it, or such parts of it, as would protect the mingled trust fund belonging to appellee as assignee of Shirley. The appellant mingled this trust fund with his own

claims against the Central Railway Company, and received $100,000, in ten bonds, for the same. The appellee recovered a moneyed judgment in the court below for the amount only of the mingled trust fund, and not for any part of appellant's property. Perry on Trusts, sec. 447.

IV. Appellee, as assignee of Thos. M. Shirley, had the same rights and claims that Shirley had. Story's Equity, sec. 1040.

BONNER, ASSOCIATE JUSTICE.—The $1,500 deposited by Shirley, the assignor of appellee Kennedy, with White, a banker, seems to have been a general and not a special deposit, and as such, created between Shirley and White simply the relation of creditor and debtor. Duncan *v.* Magette, 25 Tex., 248.

This amount was subsequently passed to the credit of White on the books of the company, and a receipt given to him reciting that the same was held " subject to order of W. B. Wasson, or whom it might concern, being amount of money deposited with White by T. M. Shirley to pay said Shirley's draft in favor of W. B. Wasson, which Wasson has not called for."

This arrangement was afterwards ratified by Shirley.

This did not create upon the part of the company a trust in favor of Shirley, that the money should be invested for him in the bonds of the company, but the latter was simply substituted for White, and became responsible to hold the amount, subject to the demand of Wasson, or if this demand should be satisfied otherwise by Shirley, then to hold it subject to his demand.

The subsequent action upon the part of the company in placing this amount as a credit on the account of appellant Baker, with them, if unauthorized, rendered the company liable to the true owner, but did not create any privity of contract between Shirley and Baker, or make Baker such trustee of Shirley as that any investments which might be made with the money would enure to the use and benefit of Shirley. If it created any liability on the part of Baker to Shirley, it was

at most a right of action for money had and received, or converted to his use and benefit.

The subsequent offer by Baker to deliver certain bonds to Shirley .was conditional, and it not being accepted, was not binding as a contract upon either.

Under the evidence presented by the record, the suit could not be maintained for the recovery of specific bonds.

Can it, under the pleadings, be maintained for the value of the bonds as damages?

The case as made, both by the evidence and the brief of counsel for appellee, is that the assignment from Shirley to appellee Kennedy was of three bonds of the company, and the pleading of Kennedy was evidently based upon the theory that his right of action was for the bonds themselves.

If he had the superior right to the bonds, he was entitled to them or their value; or if he had sued as his cause of action for money had and received, or converted by Baker, and the evidence had sustained his claim, then he was entitled to the amount of money thus obtained by Baker, with interest.

The judgment is for the sum of $2,858.98, which could be discharged by that amount in value in bonds of the company.

We do not think that the judgment responds to the case, as made by the pleadings and the evidence, and the same is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered March 20, 1880.]