65 653
e110 320
e110 322

## WOLFENDEN v. BARRY.

1. **Statute of Limitations**: ACTION, WHEN BEGUN: HANDING NOTICE TO SHERIFF: INTENTION OF SERVICE ABANDONED. Although the delivery of an original notice to the sheriff, with intent that it shall be served immediately, is a commencement of the action for the purposes of the statute of limitations, (Code, § 2532,) yet such intent must be *continuous* until the service is effected. And so, where a notice was placed in the sheriff's hands, who neglected to serve the same, but afterwards returned it to plaintiff's attorney, who lost it, and nearly two years later another notice was drawn and served, and the defendant thus brought into court, *held* that the action was not begun with the delivery of the first notice to the sheriff, and that, the period prescribed by the statute of limitations having expired before the second notice was placed in the sheriff's hands, the action was barred.

*Appeal from O'Brien District Court.*

WEDNESDAY, APRIL 8.

ACTION upon two promissory notes, one of which became due November 25, 1871, and the other November 25, 1872. The defendant pleaded the statute of limitations, and the plea was sustained, and judgment was rendered against the plaintiff for costs. He appeals.

*Milt. H. Allen*, for appellant.

*J. B. Dunn*, for appellee.

ADAMS, J.—The facts appear to be substantially as follows: The petition was filed November 1, 1881, and on the same day a notice was put into the hands of the sheriff for service. He neglected to make service of the notice, and afterwards made a return thereon to the effect that the same had not been served, and delivered the notice to the plaintiff's attorney, who lost the same. Nearly two years later another notice was drawn and put into the hands of the sheriff, and was duly served, and is the notice upon which the defendant was brought into court.

The question presented is as to when, under the statute, the action should be held to have been commenced. It is undisputed that, if the first notice had been duly served, the action should be held to have been commenced when such notice was delivered to the sheriff for service, which was before the action upon either note was barred. Section 2532 of the Code provides that "the delivery of the original notice to the sheriff    *    *    *    with intent that it shall be served immediately, which intent shall be presumed unless the contrary appears,    *    *    *    is a commencement of the action." The plaintiff's position is that the action was commenced when the first notice was delivered to the sheriff, and that, having been commenced, it is immaterial whether that particular notice was served or not, or when the notice was served upon which the defendant was brought in. But in our opinion the plaintiff's position cannot be sustained. It seems to us to be manifest, from the very nature of the case, that the "intent" in regard to immediate service of the notice, which the statute contemplates, should be a *continuing* intent. When the intent is abandoned before service, we do not think it can be treated as having any legal effect. If, for instance, the notice, though delivered with the intent that it should immediately be served, should be immediately recalled and permanently withheld, we do not see how the action could be regarded as commenced. Now the case at bar is not essentially different. Nearly two years, and three or four terms of court, were allowed to elapse, during which time the plaintiff had no intention that immediate service should be made. The intention of having *immediate* service made was abandoned, and such abandonment had the effect, we think, to nullify the original intent, as any other intent is nullified which is abandoned before carried into execution. It does not appear to us to be material what motive the plaintiff may have had for withholding notice until after several terms of court went by. It may be, as suggested, that negotiations for a settlement

were pending. But if this were so it would only show the more clearly that the intention of having immediate service made was abandoned. It is, perhaps, not material that the first notice was not served, or that the defendant was not brought in at the first term. He might have been brought in at a later term and upon a different notice, and it would probably have been sufficient if there had been nothing to show an abandonment of the intention to have immediate service made. But, under the facts of this case, we must hold that there was such abandonment, and the judgment must be

AFFIRMED.