MATHEW RICHARDSON, Appellant, v. H. TURNER.

Under Code 1897, section 3450, providing that the delivery of the
original notice to the sheriff of the proper county, with intent
that it be served immediately is a commencement of the action,
the delivery of an original notice to the sheriff for service does
not constitute a commencement of the action where, after it had
been placed in the sheriff's hands, he is unable to make service,
and, though four notices were issued before service was had, two
terms were allowed to intervene without any attempt at service.
This intent must be continuous and the effect of it is lost where
the notice placed with the sheriff is abandoned.

*Appeal from Kossuth District Court.*—HON. W. B. QUAR-
TON, Judge.

WEDNESDAY, JANUARY 24, 1900.

ACTION upon a promissory note due "on or before the
first day of November, 1886," payable to the order of the
plaintiff "at his office in Algona, Iowa." The defendant
answered, pleading the statute of limitations. The case was
tried to the court, and judgment rendered against the plain-
tiff, from which he appeals.—*Affirmed.*

*E. V. Swetting* for appellant.

*Bradford & Aldrich* for appellee.

GIVEN, J.—I. It is conceded that unless this action
was commenced on the third day of November, 1896, it is
barred. Section 2532, Code 1873 (section 3450, Code 1897),
provides as follows: "Sec. 2532. Commencement of
Action. The delivery of the original notice to the sheriff
of the proper county with intent that it be served immedi-
ately, which intent shall be presumed unless the contrary
appears, or the actual service of that notice by another per-

son, is a commencement of the action." The contention whether or not this action was commenced on the third day of November, 1896, rests upon the following facts: On the third day of November, 1896, the plaintiff delivered to the sheriff of Kossuth county, Iowa,—the county in which the note was payable,—an original notice for service, in due form, citing the defendant to appear at the December term, 1896, of the district court of said county. This notice was served on the twenty-seventh day of November, 1896, on one H. Turner, a person other than the defendant, but was not filed in the office of the clerk until the twenty-third day of November, 1897. During the December term, 1896, it was ascertained that the H. Turner served was not the defendant, H. Turner, who executed said note. On the third day of February, 1897, a second original notice was delivered to the sheriff for service, citing the defendant to appear at the March term of said court. This notice was not served upon the defendant until the twenty-seventh day of July, 1897, which was after the term to which the defendant was cited therein to appear. The defendant not appearing, on the ninth day of November, 1897, a third original notice was delivered to the sheriff, citing the defendant to appear at the December term, 1897. This notice was not served in time for said term, and on the ninth day of December, 1897, said notice was changed so as to cite the defendant to appear at the February term, 1898, and delivered to the sheriff for service, and served on the defendant on the twenty-eighth day of December, 1897, whereupon the defendant appeared and filed his answer on the seventh day of March, 1898. It is conceded that the defendant has been an actual resident of this state, and has only occasionally been temporarily absent therefrom, ever since the giving of said note. Each of these original notices cited the defendant to appear on or before noon of the second day of the next term of the court, to commence on a day named, and it is conceded that they

could, not, be served after the time allowed for service to the term mentioned in the notice. It will be observed that the first notice was served on the wrong person, the second after the term to which the defendant was cited to appear, and, the third not in time for the term named. Therefore there was no legal service of any of these, nor until the fourth notice, delivered for service December 9, 1897, was served, citing the defendant to appear at the February term, 1898.

II. A number of cases are cited, but none of them directly applicable to this case, except *Wolfenden v. Barry,* 65 Iowa, 653. In that case an original notice was delivered to the sheriff for service on November 1, 1881; but he neglected to serve it, and made return thereon that the same had not been served, and delivered it to the plaintiff's attorney by whom it was lost. Nearly two years later another notice was put into the hands of the sheriff for service, and duly served. The question presented was, as in this case, when, under the statute, the action should be held to have been commenced. This court said: "The plaintiff's position is that the action was commenced when the first notice was delivered to the sheriff, and that, having been commenced, it is immaterial whether that particular notice was delivered or not, or when the notice was served upon which the defendant was brought in; but, in our opinion, the plaintiff's position cannot be sustained. It seems to us to be manifest from the very nature of the case that the intent in regard to immediate service of the notice should be a continuing intent. When the intent is abandoned before service, we do not think it can be treated as having any legal effect. The intention of having immediate service made was abandoned, and such abandonment had the effect, we think, to nullify the original intent, as any other intent is nullified which is abandoned before carried into execution. It does not appear to us to be material what motive the plaintiff had in withholding the

notice until after several terms of court went by.   *   *   *
It is perhaps not material that the first notice was not
served, or that the defendant was not brought in at the first
term. He might have been brought in at a later term, and
upon a different notice, and it would probably have been
sufficient, if there had been nothing to show an abandon-
ment of the intention of having immediate service made;
but, under the facts in this case, we must hold that there
was such abandonment, and the judgment must be affirmed."
The only distinction between the facts of that case and this
are that in that but two notices were delivered for service,
while in this there were four, and in that longer time inter-
vened between the delivery of the notices than in this. Our
inquiry is whether, under the facts of this case, the plain-
tiff should be held to have had a continuing intention to
have immediate service. When the time within which any
of these notices could be served had expired without service,
they became of no effect, and the plaintiff might at once
have manifested his intention to have immediate service by
delivering another notice to the sheriff for service to the
next term. If this had been done, there would be no room
to question that the plaintiff had such intention, but he did
not do so. He allowed the May and October terms, 1897, to
pass without any effort to have a service to either of said
terms, and thereafter delivered for service a notice for the
February term, 1898. It is insisted that, to show a con-
tinuing intention to have immediate service, the plaintiff
should have kept a live notice in the hands of the sheriff
continually until service was made, while, on the other hand,
it is said that it is sufficient to show the required intention
if he delivered a notice for service to each succeeding term
until service was made. How this may be, we need not
determine, as it is entirely clear that in this case two terms
of court were permitted to pass without any attempt at
having service. While the period elapsing between the

delivery of the several notices in this case was not so great as in *Wolfenden v. Barry, supra,* we think the fact that the plaintiff permitted two terms to pass without any effort for the service of notice should be held to constitute an abandonment of the intention to have immediate service of original notice. Our conclusion is that the judgment of the district court is correct, and it is AFFIRMED.

GRANGER, C. J., not sitting.