### W. A. FAIRES V. AUGUST LOESSIN.

Decided May 27, 1907.

**Filing Suit—Issuance of Process—Limitation.**

Where plaintiff filed his petition on December 27, 1904, at which time he was notified by the clerk that citation would not issue until a cost bond was filed; on January 2, 1906, a rule for cost was entered upon motion of the clerk, and complied with by the plaintiff on March 26, 1906, but no citation issued until September, 1906, nor was any request made for the issuance of citation earlier, the statute of limitation was not interrupted by the filing of the petition.

Appeal from the County Court of Fayette County. Tried below before Hon. George Willrich.

*John T. Duncan* and *J. F. Wolters,* for appellant.

*Brown & Lane,* for appellee.

REESE, ASSOCIATE JUSTICE.—Appellant, W. A. Faires, sued August Loessin, appellee, in the County Court to recover damages for the alleged taking and conversion of certain mules, the property of appellant.

Defendant pleaded general denial and not guilty and the bar of the statute of limitations of two years. Defendant also alleged, in his answer, that the mules were seized and levied upon by him by virtue of a valid execution against C. H. Faires, as the property of said Faires, and regularly and legally sold under said execution, and that they were in fact the property of said C. H. Faires and that appellant's claim that the mules belonged to him is false and made for the purpose of defrauding the creditors of said C. H. Faires.

It does not appear from any of the allegations of the petition that appellee was an officer of any kind or that the taking and conversion of the mules was done in his official capacity, nor do such facts appear from any special averments of appellee's answer. The only facts stated from which such inference can be drawn is that the mules were taken under execution.

Upon trial before the court judgment was rendered for defendant on his plea of the statute of limitations of two years, and plaintiff appeals.

The tort is alleged to have been committed on the ...... day of .........., 1903. The petition was filed December 27, 1904. On the day the petition was filed the clerk required of the attorney of plaintiff a cost bond before the citation would issue, to which the attorney assented but no cost bond was then given. The case was regularly

called and continued at each term of the court thereafter until January term, 1906, as no citation had been issued. No request was made of the clerk to issue citation. On the 2d of January, 1906, a rule for cost was entered upon motion of the clerk, which was complied with by plaintiff on March 26, 1906, by filing a cost bond. No citation issued until September, 1906, which was served on September 20, 1906. The record does not disclose any fact that would excuse or tend to excuse the laches of plaintiff in the prosecution of the suit by having, or at least endeavoring to have, citation to issue for defendant.

The court did not err in holding that plaintiff's cause of action was barred by the statute of limitations of two years. Rev. Stats., art. 3354, sub. 2-3; Ricker v. Shoemaker, 81 Texas, 22; Goldstein v. Gans, 32 S. W. Rep., 185.

Although advised that no citation would issue until cost bond was given, plaintiff made no movement to comply with this requirement until compelled thereto by motion of the clerk, more than two years after the date of the alleged tort, and even then and after cost bond was given, allowed six months more to elapse before having citation issued and served. There is no attempt made to show any excuse for the laches. "In order to stop the running of the statute not only must the petition be filed but there must be shown a *bona fide* intention that process shall at once be served upon the defendant." (Ricker v. Shoemaker, *supra.*)

Appellant insists that this was a suit for damages for which the appellee was liable on his bond as sheriff, and that therefore the four years statute of limitation applies. It is a sufficient answer to this that no reference is made in the pleadings to this fact. The suit is against appellee in his individual capacity only, and no reference is made to the fact, if it be a fact, that he committed the acts complained of in his capacity as sheriff. Whether it would make any difference, if the suit had been against the appellee, as sheriff and the sureties on his bond, it is not necessary for us to decide. The judgment is affirmed.

*Affirmed.*