## BEN C. JONES & CO. v. WEST PUBLISHING CO.

(Circuit Court of Appeals, Fifth Circuit. March 5, 1921.)

No. 3611.

1. **Evidence ⟷43(2)—Judicial notice taken on demurrer of prior steps in case.**

On a consideration of a demurrer or exception, the court may take judicial notice of the former steps taken in the case.

2. **Evidence ⟷43(2)—Pleading ⟷216(2)—On exception on ground of limitations, judicial notice properly taken of prior proceedings.**

Where an exception to the petition raising the question of limitation showed that a petition in equity was filed June 23, 1912, and subpœna returned unserved on September 11, 1912, and no further attempt at service was had until January 31, 1918, and service was made February 15, 1918, the court, in passing on the exception, could take judicial notice of the entries of its officers, the date of the citation and summons, the returns of its officers, and the orders taken by plaintiff in respect to the service.

⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Courts ⬉⟷375—State limitation law held to apply to action in federal court under Sherman Law.**

In a suit brought in a federal court sitting in Texas for injuries resulting from alleged violations of the Sherman Anti-Trust Act (Comp. St. §§ 8820–8823, 8827–8830), the Texas statute of limitations of four years, applicable to causes of action not otherwise specially provided for, applies.

**4. Limitation of actions ⬉⟷119 (3)—Not suspended for more than six months by filing of suit, when service not made for years.**

Where a petition in equity for damages from alleged violations of the Sherman Anti-Trust Act (Comp. St. §§ 8820–8823, 8827–8830) was filed, and a subpoena returned unserved in 1912, when the period of limitation had almost run, and no further attempt at service was made until 1918, when the case was transferred to the law side of the docket, though the service finally made was authorized by Clayton Act Oct. 15, 1914, the running of limitations was not stopped by the filing of the petition under the law of Texas.

In Error to the District Court of the United States for the Western District of Texas; Duval West, Judge.

Suit by Ben C. Jones & Co. against the West Publishing Company. Judgment for defendant, and plaintiffs bring error. Affirmed.

R. H. Cousins, of Austin, Tex., for plaintiffs in error.

James H. Hart, of Austin, Tex., and Henry E. Randall, of St. Paul, Minn., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. This suit was instituted by Ben C. Jones & Co., alleged to be a partnership composed of three individuals, against the West Publishing Company, a corporation chartered under the laws of Minnesota, to recover from it for injuries which are alleged to have resulted to the plaintiffs from acts done by the West Publishing Company, claimed to be forbidden by the Sherman Anti-Trust Act (Comp. St. §§ 8820–8823, 8827–8830). A recovery herein is sought under section 7 thereof (26 Stat. 209; Comp. St. § 8829).

The original petition was filed on June 23, 1912, in the United States District Court for the Western District of Texas. It was entered on the equity docket, and on June 28, 1912, a subpoena was issued for service upon the defendant, directed to be served on J. E. Abbott, who was alleged in the petition to be the agent of the defendant in the state of Texas, and alleged to reside at Austin. This process was returned on September 11, 1912, by the marshal, as not served, for the reason, stated in said return, that said Abbott could not be found within said district.

No further proceeding or attempt at service was had until on January 31, 1918, when, on motion of the plaintiffs, the case was transferred from the equity to the law side of the docket by order, under equity rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv), and on the same day, upon plaintiffs' motion, the court ordered a citation or process to be issued by the clerk of the court for service upon the defendant at its place of residence, under section 12 of the Clayton Act (38 Stat. 730; Comp. St. § 8835k). This summons was served upon the de-

⬉⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

fendant at its place of residence, at St. Paul, in the state of Minnesota, on February 15, 1918.

The defendant filed its original answer on June 19, 1918, after its plea to the jurisdiction of the court had been overruled. On June 9, 1919, it filed its "first amended original answer." In this amended answer defendant moved to dismiss the petition, because upon the face thereof it was barred by the Texas statute of limitations barring actions of trespass in two years, and also by the general statute of limitations of Texas barring all causes of action, not otherwise specially provided for, in four years. The court overruled these motions.

By paragraph 4 of its amended answer defendant moved to dismiss said petition as barred by said statutes of limitation because, though filed on the equity side of the court on June 26, 1912, and the return of no service of the subpoena was made by the marshal on September 11, 1912, no further service was attempted until January 31, 1918, when the cause was transferred to the law side of the docket, and a summons issued and served on February 15, 1918. The court sustained this exception and dismissed the case.

The plaintiffs say the court erred in considering the record in the case showing the several steps taken as to process and service; that the case could only be dismissed on demurrer, or exception, if the allegations of the petition showed that more than four years had elapsed between the date of filing, June 26, 1912, and the conspiracy and wrong charged in said petition; that the other proceedings shown by the record in the case, if relevant to the question, could only be considered, if offered in proof, or support, of a plea of the statute of limitations.

They further insist that the filing of the petition on June 26, 1912, stopped the running of the statute, and that the failure to procure an order for service until January 31, 1918, or to effect service until February 15, 1918, had no effect on the running of the statute.

[1] That the court, on the consideration of a demurrer or exception, may take judicial notice of the former steps taken in the case, has been frequently decided.

[2] The court could, therefore, in this case take judicial notice of the entries of its officers and of the date of the citation and summons, the returns of its officers thereon, and of the orders taken by the plaintiff in the cause in respect to said service. Bienville Water Supply Co. v. Mobile, 186 U. S. 212, 22 Sup. Ct. 820, 46 L. Ed. 1132; Dimmick v. Tompkins, 194 U. S. 540, 24 Sup. Ct. 780, 48 L. Ed. 1110; Slater v. Roche, 148 Iowa, 413, 126 N. W. 925, 28 L. R. A. (N. S.) 702; Haaren v. Mould, 144 Iowa, 296, 122 N. W. 921, 24 L. R. A. (N. S.) 404; Dupree v. State, 56 Tex. Cr. R. 562, 120 S. W. 871, 23 L. R. A. (N. S.) 596, 133 Am. St. Rep. 998. The court, therefore, properly took judicial notice of the several steps taken in said cause, as shown by the record of said case.

The court below, in sustaining the exceptions stated in paragraph 4 of said amended answer, after reciting the facts as shown by the record as to the filing of said case and the service made therein, said:

"Considering said facts, the court is of opinion that the action of plaintiffs in filing said petition in this court on June 26, 1912, and causing said subpœna in chancery to issue thereon, did not stop the running of the statutes of limitation for a longer time than six months after the date of the marshal's return of said subpœna showing that he had not effected service of same on defendant, to wit, after September 11, 1912, and that beginning at a period of six months from September 11, 1912, the plaintiffs having failed to take any further action seeking to obtain service on defendant, limitations against plaintiffs' cause of action again began to run, and that said cause of action is now barred by both the two and four years statutes of limitation of the state of Texas, and that plaintiffs have been guilty of such negligence in failing to prosecute their said cause of action that they are now barred from prosecuting the same."

In this case this suit was filed on June 26, 1912; the attempted service was returned as fruitless on September 11, 1912. The service finally made was authorized by the Clayton Act, approved October 15, 1914 (Comp. Stat. § 8835k). No attempt to effect service under this act was made until January 31, 1918, and no service made until February 15, 1918.

[3] The statute of limitations of four years applied to this case. Chattanooga Foundry & Pipe Works v. Atlanta, 203 U. S. 390, 27 Sup. Ct. 65, 51 L. Ed. 241.

[4] Taking the most favorable view of the plaintiffs' petition, as the District Court evidently did, the cause of action was nearly barred when the petition was filed. Taking the time elapsing from the return of the marshal, showing a failure to serve the defendant, or even the time after the passage of the Clayton Act, no service of the suit was attempted for years.

We think the finding of the court is in accordance with the law as declared by the decisions of the appellate courts of Texas and is in harmony with the trend of decisions. These decisions are to the effect that the filing of a suit will not stop the running of the statute of limitation unless it is followed by service within a reasonable time, and that where a delay in service supervenes, such as is shown by the official record in this case, the running of the statute is not stopped by such filing.

"All the elementary writers agree that, in order to stop the running of the statute of limitations by a suit, not only must the initial step required by the statutes be taken, but there must also be a bona fide intention that the process shall be served at once upon the defendant, * * * and such is practically the ruling in this court. Veramendi v. Hutchins, 48 Tex. 532." Ricker v. Shoemaker, 81 Tex. 22, 28, 16 S. W. 645, 647.

To the same effect are the cases of Hughitt v. Trent (Tex. Civ. App.) 209 S. W. 445; Estes v. McWhorter (Tex. Civ. App.) 182 S. W. 887; Faires v. Loessin, 46 Tex. Civ. App. 551, 102 S. W. 924; U. S. v. Miller (C. C.) 164 Fed. 444; Wolfenden v. Barry, 65 Iowa, 653, 22 N. W. 915.

Affirmed.