### AUSTIN, Banking Com'r, v. PROCTOR.
### (No. 1964.)

(Court of Civil Appeals of Texas. El Paso. Feb. 10, 1927.)

**1. Limitation of actions ⟫119(6)—Banking commissioner's suit on stock assessment held barred by two years' statute because of delay in issuing and serving alias citation (Rev. St. 1911, art. 5687).**

Banking commissioner's action on assessment against stockholder of insolvent bank *held* barred by two years' statute of limitation (Rev. St. 1911, art. 5687), though filed within two years after assessment, where alias citation was not issued and served until over a year after return date of original citation.

**2. Limitation of actions ⟫28(1)—Banking commissioner's suit on stock assessment is for "debt not evidenced by written contract" within two-year statute (Rev. St. 1911, art. 5687).**

Banking commissioner's action on assessment against stockholder of insolvent bank is for a debt not evidenced by contract in writing, within Rev. St. 1911, art. 5687, requiring that action be "commenced and prosecuted" within two years after cause of action accrued.

**3. Limitation of actions ⟫118(2)—Filing of petition in suit for debt, not evidenced by written contract, does not toll statute (Rev. St. 1911, art. 5687).**

Mere filing of petition, in suit for debt not evidenced by written contract, does not toll statute of limitations (Rev. St. 1911, art. 5687); bona fide intent and due diligence to have process issued and served being required.

**4. Limitation of actions ⟫119(1)—Impression that defendant had moved or was temporarily absent from county did not authorize abandonment of effort to obtain service.**

That plaintiff's counsel acquired impression that defendant moved or was temporarily absent from county did not authorize him to abandon effort to obtain service of process, but imposed duty to make further inquiry as to defendant's whereabouts.

**5. Limitation of actions ⟫119(1)—Issuance in due time, and due diligence to obtain service, of original citation, does not toll statute of limitations (Rev. St. 1911, art. 5687).**

That original citation, in banking commissioner's suit on assessment against stockholder of insolvent bank, was issued in due time, and due diligence exercised to obtain service there-

of, did not toll statute of limitations (Rev. St. 1911, art. 5687), which requires a continuing bona fide intent and due diligence to obtain service.

**6. Limitation of actions ⟫119(6)—Delay of over year between issuance of original and alias citations held unreasonable as matter of law.**

Where more than a year elapsed, and at least five terms intervened, between issuance of original and alias citations, and plaintiff's counsel made no explanation of his failure to pursue effort to obtain service, no issue of fact was presented for submission to jury; delay being unreasonable as matter of law.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by Chas. O. Austin, Banking Commissioner, against J. M. Proctor. Judgment for defendant, and plaintiff appeals. Affirmed.

Lea, McGrady, Thomason & Edwards and Louis A. Scott, all of El Paso, for appellant.

Julian P. Harrison and E. J. McQuillan, both of El Paso, for appellee.

HIGGINS, J. This suit was filed by the banking commissioner in the district court of Eastland county against the appellee, Proctor, of El Paso county. Upon plea of privilege the venue was changed to El Paso county. Upon trial a peremptory instruction was given in accordance with which verdict was returned and judgment rendered in defendant's favor.

On August 3, 1921, the Security State Bank & Trust Company of Eastland, being insolvent, passed into the hands of the commissioner for liquidation. On October 4, 1921, the commissioner levied a 100 per cent. assessment against the stockholders of the bank, of which due notice was given Proctor. The present suit is based upon that assessment.

[1] Proctor pleaded the two-year statute of limitations and other special defenses. The plea of limitations is decisive in Proctor's favor, and it is therefore unnecessary to consider the merits of the other defenses set up by him.

Upon the issue of limitation the facts are undisputed. The suit was filed August 2, 1923, in the Eighty-Eighth district court of Eastland county, by Messrs. Turner, Seaberry & Springer, of Eastland, counsel for the commissioner. Mr. Springer had charge of the litigation. Citation was issued the day the suit was filed and delivered to Mr. Springer, who forwarded same to the sheriff of El Paso county for service. It was returned unexecuted. The citation was lost after it was returned to Springer by the sheriff. It appears never to have been returned to the clerk. Alias citation was issued September 23, 1924, and served by the

---

⟫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sheriff of El Paso county three days later. The original citation was returnable to the September term, 1923. There is a term of the Eighty-Eighth district court beginning on the first Monday in January, March, May, July, September, and November.

Proctor has been living in El Paso since October, 1920. His name has been in the city directory ever since 1921, and gives his business and residence telephone. Proctor was known to the sheriff and his deputies. About August, 1923, he was several times sued and service obtained upon him in El Paso. He was in Los Angeles from August 5, 1923, for about three weeks. Between this and January 1, 1924, he was away a few days on several short hunting trips. From January 1, 1924, he was constantly in El Paso until August, when he was away from the state for about three weeks.

[2] The present action is for a debt not evidenced by contract in writing. Article 5687, R. S. 1911, therefore applies, which provides that the action shall be "commenced and prosecuted" within two years after the cause of action has accrued. The cause of action herein accrued October 4th, 1921.

[3] It is the settled law of this state that the mere filing of the petition in a suit of this nature does not toll the statute of limitations. There must be a bona fide intention also that process be issued and served and due diligence exercised that such process issue and be served. Ricker v. Shoemaker, 81 Tex. 22, 16 S. W. 645; Hannaman v. Gordon (Tex. Com. App.) 261 S. W. 1006; Ferguson v. Estes & Alexander (Tex. Civ. App.) 214 S. W. 465; Wood v. Railway Co., 15 Tex. Civ. App. 322, 40 S. W. 25; Railway v. Hubbard (Tex. Civ. App.) 190 S. W. 793; Estes v. McWhorter (Tex. Civ. App.) 182 S. W. 887, and cases there cited.

[4] Article 5687 by its express terms requires that the suit be "commenced and prosecuted." The bona fide intention to prosecute with due diligence, in our opinion, is a continuing one. It is obvious from the facts stated above that by the exercise of the slightest effort plaintiff's counsel could have ascertained that Proctor was a resident of El Paso and readily accessible for service. He says:

"It was my understanding that in August, 1923, that J. M. Proctor had either moved or was temporarily away from El Paso county, Tex. At the time I filed this suit, it was my understanding that he was probably in El Paso, but I gained the impression after the citation was returned that Mr. Proctor was away from El Paso. It occurs to me now that the return of the sheriff advised me of this."

The fact that in August, 1923, he acquired the impression that Proctor had either moved or was temporarily absent from El Paso county did not authorize plaintiff's attorney to abandon his effort to obtain service. Upon the contrary, it imposed upon him the duty of making further inquiry as to Proctor's whereabouts, and he evidently made none, for upon the facts stated it is very apparent that by the slightest diligence and inquiry he would have ascertained that service could be obtained in El Paso. Nevertheless several terms of court were permitted to pass before alias citation was issued.

[5] It is true the original citation was issued in due time and due diligence then exercised to obtain service, but, as said above, there must be a continuing bona fide intention to obtain service, and the obligation to exercise due diligence to obtain same is a continuing one. Two cases are very much in point by the Supreme Court of Iowa.

In Wolfenden v. Barry, 65 Iowa, 653, 22 N. W. 915, it was said:

"The petition was filed November 1, 1881, and on the same day a notice was put into the hands of the sheriff for service. He neglected to make service of the notice, and afterwards made a return thereon to the effect that the same had not been served, and delivered the notice to the plaintiff's attorney, who lost the same. Nearly two years later another notice was drawn and put into the hands of the sheriff, and was duly served, and is the notice upon which the defendant was brought into court.

"The question presented is as to when, under the statute, the action should be held to have been commenced. It is undisputed that, if the first notice had been duly served, the action should be held to have been commenced when such notice was delivered to the sheriff for service, which was before the action upon either note was barred. Section 2532 of the Code provides that 'the delivery of the original notice to the sheriff * * * with intent that it shall be served immediately, which intent shall be presumed unless the contrary appears, * * * is a commencement of the action.' The plaintiff's position is that the action was commenced when the first notice was delivered to the sheriff, and that, having been commenced, it is immaterial whether that particular notice was served or not, or when the notice was served upon which the defendant was brought in. But in our opinion the plaintiff's position cannot be sustained. It seems to us to be manifest, from the very nature of the case, that the 'intent' in regard to immediate service of the notice, which the statute contemplates, should be a continuing intent. When the intent is abandoned before service, we do not think it can be treated as having any legal effect. If, for instance, the notice, though delivered with the intent that it should immediately be served, should be immediately recalled and permanently withheld, we do not see how the action could be regarded as commenced. Now the case at bar is not essentially different. Nearly two years, and three or four terms of court, were allowed to elapse, during which time the plaintiff had no intention that immediate service should be made. The intention of having immediate service made was abandoned, and such abandonment had the effect, we think, to nullify the original intent, as any other intent is nullified which is abandoned before carried into execution. It does not appear to us to be material what motive the plaintiff may have had for

withholding notice until after several terms of court went by. It may be, as suggested, that negotiations for a settlement were pending. But if this were so it would only show the more clearly that the intention of having immediate service made was abandoned. It is, perhaps, not material that the first notice was not served, or that the defendant was not brought in at the first term. He might have been brought in at a later term and upon a different notice, and it would probably have been sufficient if there had been nothing to show an abandonment of the intention to have immediate service made. But, under the facts of this case, we must hold that there was such abandonment, and the judgment must be affirmed."

In Richardson v. Turner, 110 Iowa, 318, 81 N. W. 593, four notices were issued. The first was served on the wrong person; the second after the term to which it was returnable; the third not in time for the term named. Due service was obtained of the fourth, but two terms intervened between the issuance of the third and fourth notices. In that case it was said:

"While the period elapsing between the delivery of the several notices in this case was not so great as in Wolfenden v. Barry, supra, we think the fact that the plaintiff permitted two terms to pass without any effort for the service of notice should be held to constitute an abandonment of the intention to have immediate service of original notice."

[6] It frequently occurs that the evidence raises an issue of fact as to the issue here presented which must be submitted to the jury, but the evidence in this case does not raise the issue. More than a year elapsed between the issuance of the original and alias citations. The record does not disclose the exact date the original was returned by the sheriff of El Paso county to plaintiff's attorney, but it was evidently before the September term, 1923, and a year must have elapsed before the alias was issued, and at least five terms had intervened and no explanation whatever made by plaintiff's counsel of his failure to pursue his effort to obtain service. Under such circumstances no issue of fact is presented for submission to the jury, and the peremptory instruction was properly given. As a matter of law the delay was unreasonable, and the trial court did not err in so assuming. Ricker et al. v. Shoemaker, supra.

Affirmed.