ROSE **v.** FIRST STATE BANK OF PARIS,
TEX., et al.
No. 3975.

Court of Civil Appeals of Texas.   Texarkana.
May 12, 1931.

Rehearing Denied May 21, 1931.

864

King, Mahaffey, Wheeler & Bryson, of Texarkana, for appellant.

W. F. Moore, of Paris, for appellees.

LEVY, J. (after stating the case as above).

■ The point presented for decision is that of whether or not the cause of action was barred by the statute of limitations. The answer depends, first, on how the action should be classified. The asserted right of action is founded solely on article 533, R. S. 1925, which is as follows: "No president, director, manager, cashier or other officer or agent of any bank or banking institution organized and doing business under the provisions of this article shall receive or assent to the reception of deposits, or create or assent to the creation of any debts by such bank after he shall have knowledge of the fact that it is insolvent or in failing circumstances. Every person violating the provisions of this article shall be individually responsible for such deposits so received and all debts so contracted. Any director who may have paid more than his share of the liabilities mentioned in this article may have the proper remedy at law against such other persons as shall not have paid their full share of such liabilities. In case of the insolvency of one or more of such officers, agents or managers, the same shall be paid for the time being by those who are solvent, in equal proportion." The article is clear in the nature and purpose of its adoption, to impose upon the bank's officers and directors, as such, the legal liability of becoming "individually responsible" when the special circumstances stated occurs, to pay to the specially named depositors "such deposits so received" by "such bank." The word "deposits" as used is descriptive of the obligation assumed by the bank with the assent of the officers and directors "violating the provisions of this article." A general deposit is, in truth, but a loan of money to a bank and the relationship of the bank to the depositor is legally regarded as that of debtor and creditor. Baker v. Kennedy, 53 Tex. 200; 7 C. J. § 326, p. 641. The effect of the provisions of the act, then, is an intention not to relieve the bank of any liability for the wrongful acts done by the officers and directors in receiving such deposits, but to impose this additional liability upon the officers and directors in favor of and for the benefit of the specially named creditors of the bank for the money so due from the bank to such creditors by reason of the financial condition of the bank. In the case of Fichtner v. Mohr (Mo. App.) 16 S. W.(2d) 739, in passing upon the Missouri statute which is in the words of the Texas statute, the court concluded that the liability thus imposed upon the officers and directors of the bank should be classed as a penal and not a contractual one. Stated in other words, the ruling was to the effect that the liability was not in the nature of a mere personal contract but a specialty debt created by statute. And in Wood on Limitation (3d. Ed.) § 39, p. 95, it is said: "The test whether a statute creates a specialty debt or not is whether independent of the statute the law implies an obligation to do that which a statute requires to be done, and whether independently of the statute a right of action exists for a breach of the duty or obligation imposed by the statute. If so, then the obligation is not in the nature of a specialty. * * * but if the statute creates the duty or obligation then the obligation thereby imposed is a specialty." The distinction is, as given by section 36, Wood on Limitation, and reading: "In all cases where liability is created by the positive requisitions of a statute and not by the acts of the parties themselves, the liability is in the nature of a specialty, and is not within the statute of 21 James nor within the statutes adopted in the several states applicable to simple contracts, unless expressly made so." Further, in the like principles of statutory liability of stockholders, the rule appears, as stated in 1 Cook on Corporations, p. 585: "But the usual statutory liability of stockholders is not a penalty. The courts are nearly unanimous in holding that by statute where the stockholders in a corporation, instead of being relieved entirely from liability to the corporate creditors, are only partially relieved therefrom, the additional liability is a contract liability, and will be enforced by the courts of any state. In other words, the ordinary statutory liability of stockholders is a contract liability, and is generally held to be such by the courts of all the states."

■ Under the tests stated, undoubtedly the statute in the present case does create the duty or obligation upon the officers and directors to pay the deposit received by the bank for whom they assume to act, though independently of the statute the law does not imply any obligation upon the officers and directors to pay the debt; nor, independently of the statute, could any right of action for the debt of the bank be maintained by the creditors of the bank. Therefore the liability thus imposed should be classed as in the nature of a statutory liability imposed upon the officers and directors to personally pay the debt of the bank due by it to the plaintiff, a depositor creditor. It is a cause of action for a money judgment and the obligation is to pay money only.

■ What period of limitation, then, is applicable to the case of liability as here provided? There appears a great variety of decided cases in relation to different statutes of limitation which have been applied to actions of debt created partly by statute and partly by contract, as well as to debts cre-

ated solely by statute. Article 5529 fixes four years as the period applicable for "every action other than the recovery of real estate, for which no limitation is otherwise prescribed." Another provision, subdivision 4, article 5526, fixes two years as the period applicable for "actions for debt where the indebtedness is not evidenced by a contract in writing." In the case of Corsicana National Bank v. Johnson, 251 U. S. 68, 40 S. Ct. 82, 89, 64 L. Ed. 141, the bank sued its director and vice president under the provisions of the federal statute for an excessive and bad loan of the bank's funds. There the liability was a legislative or statutory liability to pay the loan, and the Supreme Court of the United States, in applying the Texas statute of limitations, held "in our opinion, the action is not one of the kinds specified in article 5687 [actions for debt], to which the two-year limitation applies, but is within the general description of article 5690 [the residuary section], and subject only to the limitation of four years." Presumably the ruling was based upon the view, which is logically correct, that the wording of subdivision 4 of article 5526 merely separated and distinguished those cases resting on oral contract from those cases resting upon written contract as provided by subdivision 1 of article 5527. Subdivision 1 of article 5527 provides for "actions for debt where the indebtedness is evidenced by or founded upon any contract in writing." But the Supreme Court of this state, in the case of Gordon v. Rhodes & Daniel, 102 Tex. 300, 116 S. W. 40, 41, decided prior to the above case of Bank v. Johnson, construed the term "actions for debt," as used in subdivision 4 of article 5526, as not intended as a separate and distinctive remedy for controversies arising out of mere personal contracts, but as intended to extend to and embrace liabilities that are payable in money only, although not resting upon mere personal contracts. The court cited and followed the early case of Robinson v. Varnell, 16 Tex. 382, as so broadly holding. There is reflected the intention by such construction of the terms of the statute to have the words "action for debt" embrace all liabilities payable in money only, when not founded upon a writing, whether upon a mere personal contract, or upon a specialty debt, or upon a strictly legislative liability. We feel bound by the construction so broadly given to the article in this case of Gordon v. Rhodes & Daniel, supra, and regard the interpretation as controlling the present appeal. The two years' statute referred to was applied in the case of stockholders' liability. Austin v. Proctor (Tex. Civ. App.) 291 S. W. 702. Similarly a statutory liability was considered to be within the provision of the statute of limitations relating to all actions founded upon any contract or liability "not in writing." Nebraska National Bank v. Walsh, 68 Ark. 433, 59 S. W. 952, 82 Am. St. Rep. 301.

The case cited of McCord v. Nabours, 101 Tex. 494, 109 S. W. 913, 917, 111 S. W. 144, is distinguishable from the present suit. In that case, as in all similar cases, article 5529, being the residuary section, is held applicable because it was an equitable action "to set aside the transaction by which McCord acquired the stock and to restore it to the estate for which he was assignee." It was not a suit to enforce the payment of money only, as in the nature of an "action for debt," but primarily to recover specific property. That same distinction would apply to the cases cited of Holland v. Ashley (Tex. Civ. App.) 158 S. W. 1033, and Yeaman v. Galveston City Co., 106 Tex. 389, 167 S. W. 710, Ann. Cas. 1917E, 191.

The judgment is affirmed.