## JONES v. CANON et al.
### No. 1307.

District Court, W. D. Texas, Austin Division.
April 3, 1933.

Locke, Locke, Stroud & Randolph, of Dallas, Texas, for plaintiff.

Cunningham, Moursund, Johnson, Rogers & Slatton, of San Antonio, Texas, for defendants.

McMILLAN, District Judge.

Plaintiff, as receiver of the First National Bank of Farmersville, Tex., sued the defendants on an assessment levied against them as stockholders of that bank. The suit was filed more than two years but less than four years after the assessment was made. Defendants interposed, both by demurrer and plea, the two-year statute of limitation of the state of Texas. The case was tried before the court without a jury. The defense of limitation was overruled, and the facts being uncontroverted, the plaintiff had judgment as prayed for. Defendants have filed a motion for new trial and insist that the court erred in overruling their plea of limitation. Both parties have furnished the court with briefs covering this motion.

When the matter was originally presented to the court, defendants' contention was that the cause of action asserted was contractual in its nature and that, accordingly, it should fall under subdivision 4 of article 5526 of the Revised Statutes of Texas. Plaintiff's contention, on the other hand, was that the liability was statutory or special in its nature, and that, accordingly, it fell under the general four-year limitation statute, article 5529. Viewing the matter from that standpoint, the court was of the opinion that the case was ruled by the decision of the Supreme Court of the United States in McClaine v. Rankin, 197 U. S. 154, 25 S. Ct. 410, 49 L. Ed. 702, 3 Ann. Cas. 500; that, accordingly, the liability was not contractual but statutory and the general four-year statute applied.

The contention is now vigorously asserted, on motion for new trial, that if the liability claimed should not be treated as contractual it is still an "action for debt," within the purview of the decisions of the Texas courts in applying the two-year statute, subdivision 4 of article 5526.

It seems to be settled that in the absence of a special federal statute of limitation the state statute applies. Curtis v. Connly, 257 U. S. 260, 42 S. Ct. 100, 66 L. Ed. 222. And this is true even though the cause of action arises under the laws of the United States. O'Sullivan v. Felix, 233 U. S. 318, 34 S. Ct. 596, 58 L. Ed. 980; Benedict v. City of New York (C. C. A.) 247 F. 758. The liability in this case arises under the federal statutes, and grows out of the action of the Comptroller of the Currency in levying an assessment of 100 per cent. on the stockholders of the First National Bank of Farmersville.

The suit having been brought more than two years but less than four years from the time the assessment was made, if the case falls under the four-year statute the plaintiff should have judgment, but if it falls under the two-year statute the court was in error in awarding plaintiff judgment, and a new trial

50

should be granted and judgment rendered for the defendants.

The Texas statutes relative to the matter provide, substantially, as follows:

"Art. 5526. There shall be commenced and prosecuted within two years: * * *

"4. Actions for debt where the indebtedness is not evidenced by a contract in writing."

"Art. 5527. There shall be commenced and prosecuted within four years: * * *

"1. Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing."

"Art. 5529. Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years. * * * *"

▉ It is obvious that the assessment sued on does not constitute a contract in writing. Accordingly, subdivision 1 of article 5527 can have no application. The suit, therefore, must fall either under subdivision 4 of article 5526, or under the general catch-all provisions of article 5529.

The case of McClaine v. Rankin, which this court followed in rendering judgment in the case at bar, involved a construction of the limitation statutes of the state of Washington. That case, like the one at bar, was a suit on an assessment against the shareholders of a national bank. The Washington statutes (Ballinger's Ann. Codes & St.) pertinent to the matter provide substantially as follows:

"§ 4798. Within six years,—* * *

"2. An action upon a contract in writing, or liability express or implied arising out of a written agreement."

"§ 4800. Within three years,—* * *

"3. An action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument."

"§ 4805. An action for relief not hereinbefore provided for shall be commenced within two years. * * * *"

Plaintiff there contended that the three-year statute applied, and the defendant contended that the two-year statute applied. The Supreme Court, after analysing the decisions of the Supreme Court of the State of Washington, held that subdivision 3 of section 4800 only applied to obligations which were contractual in their nature; that despite the fact that the subdivision covered any action upon a contract or liability, the word "liability" should be construed only to apply to debts which were contractual in their nature. It then held that the assessment by the Comptroller of the Currency was not contractual, but was statutory. Accordingly, applying the decisions of the Supreme Court of Washington to the effect that subdivision 3 of section 4800 only applied to contractual obligations, the Supreme Court of the United States held that a suit on a bank stock assessment did not fall under the three-year statute, but fell under the general two-year statute.

It is manifest that this decision rests upon the construction which the Washington courts give to their own statutes of limitation. Accordingly, it is material here to determine whether the Texas courts give the same construction to their statutes, for if it be held in Texas, as in Washington, that the limitation statutes covering obligations not evidenced by contracts in writing only apply to contractual obligations, then the Rankin Case should be followed and the four-year statute would apply here instead of the two-year statute.

However, a very brief examination of the Texas authorities will show that this is not the case in Texas. It will be noted that the Texas two-year statute, subdivision 4, article 5526, speaks of "actions for debt" where the indebtedness is not evidenced by a contract in writing.

In the very early case of Robinson v. Varnell, 16 Tex. 382, the Supreme Court held that "actions for debt," as used in the Texas limitation statute, is not the common-law action for debt in its strictest literal interpretation. Following this case, the Supreme Court, in Gordon v. Rhodes & Daniel, 102 Tex. 300, 116 S. W. 40, 41, said: "It follows that if a cause of action be for a debt, in the sense of this statute, the debt need not be evidenced by or founded upon contract at all to come within the two-years statute."

▉ The rule announced has been followed in Texarkana & Ft. Smith Railway Co. v. Houston Gas & Fuel Co. (Tex. Com. App.) 51 S.W.(2d) 284, and Miller v. Kountze Corporate School District (Tex. Com. App.) 54 S.W.(2d) 344. See, also, O'Connor v. Koch, 9 Tex. Civ. App. 586, 29 S. W. 400, and Mellinger v. City of Houston, 68 Tex. 37, 3 S. W. 249. There is a full discussion of the matter by the Texas Court of Civil Appeals in the case of Rose v. First State Bank, 38 S.W.(2d) 863, and the cases just cited were there followed. However, a writ of error was granted by the Supreme Court of

Texas in this case, and I have delayed passing on this motion for a new trial awaiting a decision by the Supreme Court in the Rose Case. A few days ago the Supreme Court rendered its opinion, following the rule as heretofore set out and affirming the judgment of the Court of Civil Appeals. The effect of this decision and the others cited is to hold that the words "action for debt" embrace all liabilities payable in money only when not founded upon a writing, whether based upon a mere personal contract, a specialty debt, or a strictly legislative liability.

■ This would seem to settle the matter so far as Texas is concerned. Furthermore, the case of Austin v. Proctor (Tex. Civ. App.) 291 S. W. 702, while involving an assessment made by the state banking commissioner, is by analogy directly in point, and it was there held that the two-year statute of limitation applied. I am therefore of the opinion that the two, and not the four, year statute governs the case at bar.

In reaching this conclusion, I am not unmindful of the decision of the Supreme Court of the United States in Corsicana National Bank of Corsicana v. Johnson, 251 U. S. 68, 40 S. Ct. 82, 64 L. Ed. 141. There the suit was against directors and officers of the bank to recover damages for losses sustained by reason of the alleged misfeasance of those officers. Suit was predicated on statutory liability. The two-year statute of limitation was set up. The court, in passing on the matter, simply stated that in its opinion the action was not one of the kind covered by the two-year statute, but fell under the general description of the four-year statute. No reason was given for this holding and no authority was cited. The matter was apparently casually considered in connection with a great number of other questions raised in the case, and the Texas decisions were not discussed by the court.

There has been an inclination on the part of the courts of various states having similar limitation statutes to hold that the statutes relative to debts or liabilities growing out of contracts in writing and debts or liabilities not evidenced by contracts in writing should be construed together, and that the shorter term limitation statutes applying to debts or liabilities not evidenced by contracts in writing should be held to refer to contractual obligations only. That the two statutes merely separated and distinguished those cases resting on oral contract from those resting upon written contract. Under such construction, all liability for money not contractual in its

nature, whether founded on statute or specialty debt, would be thrown under the general catch-all statute of limitation.

It was doubtless upon this theory, as suggested by the Texas Court of Civil Appeals in the case of Rose v. First State Bank of Paris, 38 S.W.(2d) 863, that the Supreme Court of the United States based its decision that the general four-year, and not the two-year, statute of limitation applied in the case of Corsicana National Bank.

It is obvious that if this decision in the Corsicana National Bank Case can be considered as being in point here, it is out of line with the settled construction placed by the Texas courts on the two-year statute of limitation. This is clearly shown by the discussion of the Corsicana Case by the Court of Civil Appeals in the Rose Case, supra.

■ If I be correct in my premises, that is to say, that the Texas statute of limitation should apply in this case and that the federal courts should follow the state courts in their construction of their own statutes, then this holding in the Corsicana National Bank Case should not be held to be determinative of the matter at issue here.

It follows from what has been said that the court erred in rendering judgment in plaintiff's favor, and the motion for a new trial will be granted and judgment rendered in accordance with this opinion.