**Earl W. GREEN, Plaintiff,**

v.

**H. L. WILKINSON and U. S. Chewing Gum Mfg. Co., Defendants.**

**Civ. A. No. 785.**

United States District Court
N. D. Texas, Wichita Falls Division.

Oct. 22, 1955.

**310**

Sam B. Spence, Anderson & Latham, Wichita Falls, Tex., for plaintiff.

Leon Douglas, Austin, Tex., for defendant Wilkinson.

Nelson, Montgomery, Robertson & Sellers, Wichita Falls, Tex., for defendant U. S. Chewing Gum Mfg. Co.

ALLRED, District Judge.

Action under the Clayton Act for treble damages and attorneys fees,[1] filed March 19, 1954. Originally dismissed as to the Chewing Gum Company on the ground that such defendant was not "found" or doing business in this district, the holding was reversed.[2]

Defendants now move to dismiss on the ground that the action is barred by Article 5526, subsection 4, Vernon's Texas Civil Statutes, providing that "Actions for debt where the indebtedness is not evidenced by a contract in writing" shall be commenced within two years. The complaint alleges an unlawful agreement on the part of defendants and others, culminating in a refusal by the Chewing Gum Company to sell its products to plaintiff on August 3, 1950. No subsequent refusal or overt act is alleged. It is undisputed that plaintiff could not name any such subsequent act or refusal (other than continuing damage) in his deposition taken in this action in August of this year.

Plaintiff contends that the Texas two-year statute does not apply; that the action is controlled by the four-year statute, Article 5529, providing that "Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four [4] years * * *." Plaintiff relies on Ben C. Jones & Co. v. West Publishing Co., 5 Cir., 270 F. 563, which expressly held that the four-year Texas statute applies to an action of this kind. Defendants contend the holding in that case was dicta, point to the distinction made by Judge Harris in Aero Sales Co. v. Columbia Steel Co., D.C.Cal., 119 F. Supp. 693, 695,[3] and to the holdings now clear in Texas that the phrase, "actions for debt", as used in the two-year statute "embraces all liabilities, payable in money only, which are not founded upon a writing, whether upon a personal contract, upon a specialty debt, or upon a strictly *legislative liability*."[4] (Emphasis supplied.) Defendants also point to recent Texas decisions, both state [5] and federal [6] holding that the Texas two-year statute applies to actions under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., reasoning that actions authorized by statute are for "debt."

Plaintiff contends that the Aero Sales case, supra, ignores the intent of the legislature and the nature of "actions for debt" as used in the two-year statute; that an action for debt at common law would lie only where the claim was certain, or could be reduced to certainty by mathematical computation; that it is not sustainable for unliquidated damages;[7]

---

1. 15 U.S.C.A. § 15.

2. Green v. United States Chewing Gum Co., 5 Cir., 224 F.2d 369.

3. That the Ben C. Jones case "failed to cite previous interpretations of the Texas two year statute of limitations" and has not been followed by the Texas courts or the federal courts sitting in that state.

4. 28 Tex.Jur. 120, sec. 40, citing Rose v. First State Bank, Tex.Civ.App., 38 S.W. 2d 863, affirmed 122 Tex. 298, 59 S.W. 2d 810.

5. Uhler v. Todd Houston Shipbuilding Corp., Tex.Civ.App., 198 S.W.2d 631; Hollingsworth v. Cities Service Oil Co., Tex.Civ.App., 199 S.W.2d 266, writ refused by the Texas Supreme Court and certiorari denied 332 U.S. 774, 68 S.Ct. 83, 92 L.Ed. 359.

6. Klotz v. Ippolito, D.C., 40 F.Supp. 422 and other District Court opinions cited in Uhler v. Todd Houston Shipbuilding Corp. and Hollingsworth v. Cities Service, supra.

7. Carrol v. Green, 92 U.S. 509, 23 L.Ed. 738.

that a claim for damages under the anti-trust laws is an unliquidated demand.[8] But the Texas courts have held to the contrary.[9] In Gordon v. Rhodes & Daniel, 102 Tex. 300, 116 S.W. 40, the Texas Supreme Court applied the two-year statute to an action for damages for deceit in the sale of lands and expressly held that "debt" included unliquidated damages. This case was cited with approval in the leading Texas case [10] construing the meaning of "debt" as applied to demands based on a statute.

Coming back to Ben C. Jones & Co. v. West Publishing Co., supra, I make the following observations, in addition to those made in Aero Sales; there the federal trial judge had held that the action (for damages under the federal anti-trust laws) was barred by both the two and four year statutes and by plaintiff's negligence in failing to have additional process issued for more than five years after process had been returned showing no service. The circuit court of appeals affirmed, saying [270 F. 566]: "The statute of limitations of four years applied to this case. Chattanooga Foundry & Pipe Works v. [City of] Atlanta, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241." The Chattanooga case held that an action for damages under the federal anti-trust laws was controlled by Article 2776 of the Tennessee Code, providing that "all other cases not expressly provided for" must be brought within ten years. No Tennessee limitation statute as to "debt" was discussed. Citation of the case by the circuit court of appeals must have been upon the theory that, by analogy, the four-year Texas statute applied because it was an action for which no limitation was "otherwise prescribed," the only distinction between it and the Tennessee statute being that the latter read, "all other cases not *expressly* provided for." (Emphasis supplied.) But, the circuit court of appeals in the Ben C. Jones case did not discuss Gordon v. Rhodes & Daniel, supra, construing the nature of a "debt" as applied to a statutory cause of action. While there is no state decision applying the same reasoning to a suit for damages under the anti-trust laws, it is clear that the two-year limitation statute is a bar to recovery here; and that the Texas courts would so hold if the question were before them. I cannot conceive of their holding that the two-year statute would apply to an action for damages for deceit, or for overtime, etc., but that the four-year statute applies to one for damages under the anti-trust laws. As construed by the Texas courts, which all agree this court must follow, the claim here is for "debt" and therefore subject to the bar of the two-year statute.

Defendant's motion to dismiss is granted. Counsel will submit an order accordingly. The Clerk will furnish a copy of this memorandum to counsel.

---

8. Connolly v. Union Sewer Pipe Co., 184 U.S. 540, 22 S.Ct. 431, 46 L.Ed. 679.

9. 28 Tex.Jur. 121, sec. 40.

10. Rose v. First State Bank, footnote 4 supra.