### Wood & Kinkaid v. Gulf, Colorado and Santa Fe Railway Co.

#### Delivered January 23, 1897.

**1. Limitations—Negligence in Having Citation Issued.**

Where issuance of citation has beeen delayed, after the plaintiff's petition is filed, until the period of limitation against the cause of action has expired, it is then a question for the jury to determine whether or not the plaintiff has been negligent in not causing citation to sooner issué, and if he has, the bar of the statute is effectual.

**2. Charge of Court on Hypothetical State of Facts.**

A sound proposition of law upon a hypothetical state of facts which there is no evidence to support, is calculated to mislead the jury, and is reversible error, unless it is clear that they were not misled thereby.

**3. Same—Construction of Written Instruments.**

Where all the evidence on a given issue is in writing, it is the province of the court to construe it, and such issue should not be submitted to the jury.

**4. Impeaching Verdict—Affidavits of Jurors.**

Affidavits of jurors should only be allowed in support of a verdict when it is attacked for misconduct of the jury; but to allow an issue to be made in a motion for a new trial upon affidavits of the jurors as to what fact, ruling or charge of the court they considered or failed to consider, or that influenced them in arriving at the verdict, would render the verdict uncertain and of little value.

**5. Parties—Action for Damages for Loss of Insured Property.**

Where an insurance company has paid the insurance on cotton destroyed by fire from a railroad engine, it has an equitable right to the owner's claim of damages against the railroad company, and is a proper party to his action against the road therefor, but not a necessary one, unless it be shown that the road has a defense against the insurance company.

Error from Fannin. Tried below before W. A. Evans, Esq., Special Judge.

On the question of the assignment of plaintiffs' claim for damages against defendant for the destruction of said cotton the following is all the material evidence: Witness Platt testified that Catlin & Platt, attorneys of said insurance company, and representing it in settling the insurance money paid by it on the loss of said cotton, had no correspondence of any kind with any party regarding this claim, except the correspondence referred to in his answers given in his deposition. The correspondence bearing on the assignment, and thus referred to, is as follows: November 10, 1890, Catlin & Platt wrote plaintiffs: "We think it well that you render your bill for the amount of loss to the railroad company, and press the same for settlement. However, do not make any reference to the question of insurance, as it will tend to complicate matters." To this plaintiffs replied, December 3, 1890, as fol-

lows: "We will make up claim against the railroad for this loss at once, and apprise you of the result. If they refuse payment, we will sue them, if you so instruct, and you are willing to pay costs in case we are defeated in the suit." Catlin & Platt replied to this letter of plaintiffs', "We will thank you to claim from the railroad company whatever may be due from them, and in case of their refusal to pay, then to bring suit against them in your own name, but at our expense, including costs in case of defeat." December 9, 1890, plaintiff executed to the said insurance company the following receipt: "Borrowed and received from Insurance Company of North America $2017.20, pending settlement of claim of thirty-nine and one-half bales of cotton burned at Pecan Gap, November 5, 1890. Wood & Kinkead." On same day Catlin & Platt sent plaintiffs a draft for the $2017.20, which was paid. In the letter indorsing this draft Catlin & Platt write: "We herewith inclose our check for the amount of $2017.20, which we shall consider only as a loan until you shall have settled with railroad, so as to avoid any complication with them as to your having been already paid by us." On December, 18, 1890, Catlin & Platt wrote plaintiffs as follows: "We note that your claim is in the hands of the railroad company in regard to which we await further particulars." February 27, 1891, plaintiffs wrote Catlin & Platt that they would sue the railroad at the next term of the court. March 2, 1891, Catlin & Platt replied that they approved the proposed suit, which they hoped and believed would result favorably. June 26, 1894, plaintiffs wrote Catlin & Platt that they wished them to remit $21.90, amount costs paid in suit against defendant for burning of cotton at Pecan Gap. This was all the evidence on this point.

*Taylor & McGrady, G. W. Wells* and *R. B. Semple,* for appellants.—
1. Where the plaintiff files his suit within the proper time and the issuance of the citation in the case is delayed by the clerk until the period of limitation barring the action has expired, such delay does not bar the action, unless the plaintiff, or his attorney, directed the clerk not to issue citation upon the petition filed in the suit, and where there is no evidence showing such direction, it is error to submit the question of limitation to the jury. Tribby v. Wokee, 74 Texas, 142; Bates v. Smith, 80 Texas, 242; Wegner v. Biering, 73 Texas, 89; Wooters v. Kaufman, 73 Texas, 395.

2. It is error for the court to submit the construction of written instruments to the jury when the said instruments are without ambiguity, and there is no parol evidence introduced explanatory of the same. Alstin v. Cundiff, 52 Texas, 453; Ivy v. Williams, 78 Texas, 685; Railway v. Gentry, 69 Texas, 631; Railway v. Wisenor, 66 Texas, 675; Wegner v. Biering, 73 Texas, 89.

*J. W. Terry* and *Chas. K. Lee,* for appellee.—1. If a party waits until limitation is about to run before instituting his suit, the mere

filing of the petition will not stop the running of the statute, unless such party uses reasonable diligence to see that citation is issued within a reasonable time, and if the issuance of the citation is delayed until long after limitation is run, and the failure to issue the same is due to the negligence of the party or his attorneys, the case will be barred. Railway v. Flatto, 37 S. W. Rep., 1031; Veramendi v. Hutchins, 48 Texas, 532-554; Ricker v. Shoemaker, 81 Texas, 28; Tribby v. Wokee, 74 Texas, 143.

2. All the elementary writers agree that in order to stop the running of the statute of limitations by suit, not only must the initial step required by the statute be taken, but there must also be a bona fide intention that the process shall be served at once upon the defendant. Bus. on Lim., sec. 355; Wood on Lim., sec. 289; Angell on Lim., sec. 312. And such is practically the ruling in this court. Veramendi v. Hutchings, 48 Texas, 532.

3. The court having charged the jury, in answer to their special request for instructions, that in event they found for the defendant on its plea in abatement, they should return a verdict in the form, "We, the jury, find for the defendant on its plea in abatement," but that if they should find against it on its plea in abatement and find in favor of it on any of the other issues in the case, the form of their verdict should be, "We, the jury, find for the defendant," and in view of the fact that the verdict of the jury is simply, "We, the jury, find for the defendant," the record affirmatively shows that the finding of the jury was not predicated on the issue made by the plea in abatement, and even if there was any error in submitting that issue to the jury (which we deny) it is wholly immaterial.

RAINEY, ASSOCIATE JUSTICE. — *Opinion.* — Plaintiffs in error brought this suit to recover of defendant in error damages alleged to have been caused from the burning of cotton negligently set on fire from sparks emitted from defendant's locomotive engine, said cotton being placed on defendant's platform for shipment.

Defendant answered by (1) general denial; (2) plea of contributory negligence on the part of plaintiffs in placing their cotton on said platform where it was exposed to fire from passing engines, leaving it for a number of days on said platform uncovered and thereby exposing it to be destroyed by fire from passing engines; (3) plea that plaintiffs did not own the claim for damages sued on, but had, prior to the bringing of this suit, assigned it to the Insurance Company of North America; (4) plea of limitation, that if any cause of action accrued to plaintiffs against defendant for the burning of said cotton, the same accrued on November 5, 1890, and while the original petition in this cause was filed on October 22, 1892, no citation was issued on it until December 13, 1892, and that the failure to earlier issue said citation was at the special instance and request of plaintiffs, or due to their negligence and failure to comply with the laws of this State. The cause was tried

by a jury, which rendered a verdict in favor of defendant, and judgment entered accordingly, from which a writ of error is prosecuted.

The first assignment complains of the charge of the court on the question of limitation. The paragraph complained of is: "If you find from the evidence that plaintiffs filed their suit within two years from the date of the destruction of the cotton in controversy, and were not guilty of any negligent act causing the delay in the issuance of the citation, then plaintiffs' cause of action would not be barred by the statute of limitation. But if you should find from the evidence that the delay in the issuance of citation extended beyond the time of two years from the time the cotton was destroyed, and that said delay was caused by the negligence of plaintiffs, or their authorized agents, or done at their instance or request, you will find a verdict for the defendant on their plea of limitation,"—because it placed upon plaintiffs the burden of showing that they were not responsible for the delay in the issuance of the citation. There was no evidence tending to show that plaintiffs, or their agents, did any act causing the delay in the issuance of the citation.

The following proposition is made by plaintiffs in error under this assignment: "Where the plaintiff files his suit within the proper time, and the issuance of the citation in the case is delayed by the clerk until the period of limitation barring the action has expired, such delay does not bar the action, unless the plaintiff or his attorney directed the clerk not to issue citation upon the petition filed in the suit, and where there is no evidence showing such direction, it is error to submit the question of limitation to the jury."

Plaintiffs' cause of action accrued on November 5, 1890. On October 22, 1892, the petition was filed, but no citation was issued thereon until December 16, 1892. The plaintiffs' attorney mailed the petition to the clerk on October 22, 1892, and instructed him to issue on it immediately. In two or three days afterward he wrote the clerk again requesting if he had not issued citation to do so immediately. Subsequently he saw the clerk, wrote out the citation, and had the clerk to sign and issue it, which was on December 16, as before stated, and same was duly served. The clerk testified that he did not issue because he thought the filing of the petition was sufficient; that it was six months before the beginning of the next term; that he had so much other work on hand he laid the petition away until he had time, and that he issued as soon as plaintiffs' attorney informed him of the importance of issuing immediately.

We do not think the proposition of plaintiffs is correct. The plaintiff can be guilty of other conduct or laches which will fail to arrest the running of the statute. The filing of the petition with the clerk of the proper court is the commencement of the suit (Rev. Stats., art. 1177), and will arrest the running of the statute if there is a bona fide intention on the part of plaintiff to prosecute his suit, and he uses reasonable diligence to have process issued and served at once. When a petition

is filed, it is the duty of the clerk to issue citation immediately, and the plaintiff has the right to presume that the clerk will issue within a reasonable time. If, however, the clerk fails to do his duty, it is incumbent upon plaintiff to see that it is done. If he directs the clerk not to issue, or if he fails to use proper diligence in the respect indicated, the statute will continue to run, though the petition is filed before the period of limitation has expired. Where citation has been delayed, after the petition is filed, until the period of limitation has expired, it is then a question for the jury to determine whether or not the plaintiff has been negligent in not causing citation to sooner issue. Ricker v. Shoemaker, 81 Texas, 22; Railway v. Flatt, 36 S. W. Rep., 1031; Wood on Lim., sec. 289.

The charge of the court, however, is erroneous, in that it charged on a state of case not made by the evidence, in that it charged the jury they must find the plaintiffs were "not guilty of any negligent act causing the delay in the issuance of the citation," or if the delay was "done at their instance or request," etc. There is no evidence that plaintiffs did any act causing the delay, or that the delay was at the instance or request of plaintiffs. But, on the contrary, the evidence shows without contradiction that plaintiffs' attorney requested citation to issue. If there was any negligence on the part of plaintiffs, it was in non-action in not having citation to sooner issue. Therefore, the only question for the jury's consideration under the facts was, whether or not plaintiffs or their attorney were negligent in not taking further action to cause citation to issue before they did.

The evidence fails to justify the charge of the court in the particulars indicated. "A sound proposition of law upon a supposed state of facts which there is no evidence to support, when given in a charge, is calculated to mislead the jury, and is reversible error." Railway v. Wiseman, 66 Texas, 674; Ivey v. Williams, 78 Texas, 685.

Appellee submits the proposition, to the effect, that if there was error in the charge it was harmless.

1. That the jury did not consider the issue of limitation. In support of this proposition the affidavits of seven of the jurors who tried the case were submitted on the hearing of the motion for a new trial, to the effect that they did not consider said issue in reaching a verdict.

It is clear that the affidavits of jurors will not be considered to impeach their verdict on the ground of misconduct of the jury. Railway v. Gordon, 72 Texas, 44; Bank v. Bates, 72 Texas, 137; Letcher v. Morrison, 79 Texas, 240. While no authority is cited, nor have we been able to find any, to the effect that affidavits of jurors should not be considered under the circumstances of this case, yet, we are of the opinion that such practice is improper. Such affidavits should only be allowed in support of a verdict when the verdict is attacked for misconduct of the jury. To allow an issue to be made in a motion for a new trial upon affidavits of the jurors as to what fact, ruling or charge of the court they considered or failed to consider, or influenced them in

arriving at a verdict, would detract from the sanctity of a verdict and render it uncertain and of little value.

The second proposition is that counsel for defendant in error, on the trial of the cause, "stated in the presence of the jury that the defendant, in his opinion, had probably not made out its case of limitation, and therefore he did not urge that defense to the jury." Counsel for plaintiffs in error, on the hearing of the motion for new trial, showed by affidavit that the statement was made, but said issue was not withdrawn but submitted by the court, and it was the duty of the jury to pass upon it.

Being an issue duly presented, and one upon which the jury could have found against plaintiffs in error, and this court being unable to say that "it is clear that the jury were not misled" by the erroneous charge of the court, the judgment must be reversed. Railway v. McCoy, 38 S. W. Rep.; 36.

The trial court submitted to the jury for determination the issue made by the plea of the defendant that the claim sued on had been assigned by plaintiffs to the Insurance Company of North America. This is assigned as error, the contention of plaintiffs in error being that as all the evidence on this issue was in writing, it was the province of the court to construe it, and should not have been left to the jury. We think this contention correct. Ivy v. Williams, 78 Texas, 685.

The error was harmless, as the record shows the jury did not consider this issue in reaching a verdict, and we would not discuss it, except for the fact that the judgment is to be reversed. We deem it proper to say that, in our opinion, the evidence does not show an absolute assignment of the claim to the insurance company, and under the facts the plaintiffs were authorized to sue, and should they recover judgment, it would be a complete bar to an action by the insurance company on such claim. The insurance company having paid the claim, had an equitable right thereto, and was a proper but not a necessary party to the action, as there is nothing to show that defendant in error had any defense as against said insurance company alone. Railway v. Gentry, 69 Texas, 625.

The other assignments of error complain of the court's charge on negligence and contributory negligence, all of which we think are not tenable. The charge on these questions is in strict accord with the charges approved in the case of Martin v. Railway, 87 Texas, 117; Whiteman v. Willis, 51 Texas, 421.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*