## BRIGGS OWEN V. CITY OF EASTLAND.

No. 6294. Decided January 30, 1935.
(78 S. W., 2d Series, 178.)

*Frank Judkins,* of Eastland, for plaintiff in error.

The judgment dismissing the cause of action was a final judgment and limitation began to run against the right to vacate the judgment from its date and continued to run until a new suit was instituted to set it aside. The filing of a motion for new trial and to set aside judgment was not the filing of a new suit and did not stop the running of limitation. McBurney v. Daugherty, 19 S. W. (2d) 114; Carver v. Moore, 288 S. W., 156; Ray v. Richardson, 297 S. W., 785.

*Goggans & Ritchie,* of Dallas, and *Turner, Seaberry & Springer,* of Eastland, for defendant in error.

Article 5529, R. S., 1925, requires only that the suit be "brought" within four years. Accordingly a suit under this article filed within the four-year period is sufficient notwithstanding the failure to issue citation within that time. R. S., 1925, Art. 1971; Hannaman v. Gordon (Com. App.), 261 S. W., 1006.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

On February 27, 1924, the City of Eastland brought a suit, in the district court there, against Briggs Owen, on a paving certificate several months before it would have become barred by limitation. In the case, the city was represented by both resident and non-resident attorneys. On January 26, 1926, the case was dismissed for want of prosecution. On June 6, 1927,

one of the resident attorneys for the city in said suit, filed a motion to set aside the dismissal judgment, on the ground that same resulted from the fraud of the attorneys who represented Owen in that case. The fraud alleged was, in substance, that said attorneys for Owen, while said suit was pending, agreed that the case was to be set for some day that the attorneys for the respective parties were to agree on; that thereafter, without the knowledge of any of the attorneys for the city, the court, on January 26, 1926, called the case for trial whereupon said attorneys for Owen, in disregard of their agreement, caused the case to be dismissed for lack of prosecution. The motion did not allege any facts to show the nature of the cause of action upon which said suit was based, or to disclose the merits of the plaintiff's claim. The paper, on its face, purported to be a motion in said suit, and no citation was ever issued thereon, and none was requested. On March 17, 1930, the attorneys for the city filed an amended motion, in lieu of the first mentioned motion. No citation was ever issued on this amended motion. On April 16, 1931, the city filed another amended pleading in lieu of the two motions mentioned. This pleading was sufficient in every respect to constitute a petition in an independent suit for equitable relief. The fraud of the attorneys for Owen in the original suit was alleged substantially the same as in the motion of June 6, 1927; and the original cause of action was duly alleged. Citation was promptly issued on this petition and served on Owen. In his answer, Owen plead four years limitation. The case was tried to the Court without a jury. At the trial, the city introduced proof of its claim under the paving certificate. The resident attorney for the city, who filed the motion of June 6, 1927, testified to the alleged agreement regarding the setting of the original case for trial, and to the alleged breach of such agreement by the attorneys for Owen in that case, and further testified that neither he nor any of the other attorneys for the city in the original case knew that said case had been dismissed until June 1, 1927. At the conclusion of the testimony, the trial court gave judgment for Owen. The Court of Civil Appeals reversed that judgment and rendered judgment for the city. 49 S. W. (2d) 534.

The only question to be decided is whether or not the trial court erred in rendering judgment for Owen on his plea of four years limitation. In this respect, it is contended that the motion filed June 6, 1927, contains allegations sufficient to characterize same as a petition instituting this suit. We gravely

doubt the soundness of this contention, but since a disposal of the case does not depend on the question, we shall assume that this was the true character of the paper. With this concession made, the question arises whether the mere filing of such "petition" had effect to arrest the operation of the limitation statute.

The applicable limitation statute is Article 5529, which provides in effect that suits of this nature "shall be brought within four years after the right to bring the suit shall have accrued and not afterwards." It is contended that inasmuch as the statute merely provides that the suit shall be "brought," the filing of the plaintiff's petition satisfied the statute. As support for this contention the case of Hannaman v. Gordon, 261 S. W., 1006, is cited. In that case, a statute dealing with the matter of extension of liens on real estate, with particular regard to third persons, was involved. R. S. of 1911, as amended in 1913; Holford v. Patterson, 113 Texas, 410, 257 S. W., 213; Watson v. Bank, 285 S. W., 1050; Jolly v. Fidelity U. Trust Co., 118 Texas, 58, 10 S. W. (2d) 539. Whatever else may be said of the holding in the Hannaman case, the statute involved was different in various respects from the statute now under consideration, therefore we shall lay that case aside and take up the authorities which deal with purely limitation statutes.

■ Our courts uniformly hold that the mere filing of suit on a claim does not interrupt the running of limitation. 28 Texas Jur., pp. 192 et seq. It is to be observed that the various decisions there referred to deal with limitation statutes which, in terms, provide that the suit shall be "prosecuted" as well as "commenced." However, it has been said, in effect, that the mere filing of the plaintiff's petition is not all that is required to "commence" the suit, within the meaning of the statutes of limitation, "but there must also be a bona fide intention that process shall be served at once upon the defendant." Ricker v. Shoemeaker, 81 Texas, 22, 16 S. W., 645. This accords with the well recognized design of statutes of limitations. At an early day it was held that such statutes are "statutes of repose to quiet titles, to suppress frauds, and to supply the deficiencies of proof arising from ambiguity, obscurity, and antiquity of transactions"; and the rule was laid down that limitation statutes should "receive such interpretation, consistent with their terms, as would defeat the mischief intended to be suppressed, and advance the policy and remedy they were designed to promote." Gautier v. Franklin, 1 Texas, 732. This, in effect, has been repeated in later cases. Harrison Machine

Co. v. Reiger, 64 Texas, 89; Howard v. Windom, 86 Texas, 560, 26 S. W., 483; see also 17 R. C. L., p. 664. Taking these pronouncements as a guide, no reason occurs for ascribing to the instant statute a design in any respect different from that of the others. It is hardly reasonable to suppose that, in passing this statute, the legislature considered that the mere filing of the suit within the prescribed time, would expel the evil which the statute was designed to reach. It is far more reasonable to conclude that the intention was to afford means by which the defendant in the suit may be relieved of disproving the merits of the claim asserted against him, where, through the fault of the plaintiff, he is not called to defend until the means of disproving same is presumably lost through lapse of time.

■ In the instant case, it is not claimed, and cannot be, that the defendant was called within a reasonable time after the suit was filed on June 6, 1927. It is true that ordinarily it becomes the duty of the clerk to issue citation for the defendant, whenever a petition instituting a suit is filed; but it also must be true that the plaintiff cannot escape responsibility for failure in this respect where, as was the case in this instance, the "petition" purports, on its face, to be a motion in an old suit, and the clerk is not requested to issue citation.

■ It is contended further, that since the basis for the equitable relief sought in this case, was fraud, involving the dismissal judgment in the old suit, and since the fraud was not discovered until June 1, 1927, limitation did not begin to run until that time. This contention involves fact questions which were concluded by the trial court's judgment. The circumstances appearing in evidence are such that it cannot be said that the uncorroborated testimony of the interested witness for the city, conclusively established the various fact elements required to suspend the running of limitation.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court January 30, 1935.