## KLEMM v. SCHROEDER.

### No. 11716.

Court of Civil Appeals of Texas.
San Antonio.

July 25, 1947.

Rehearing Denied Oct. 8, 1947.

Brown &Scarborough, of Corpus Christi, for appellant.

Fischer, Lyle & Burney, of Corpus Christi, for appellee.

SMITH, Chief Justice.

On February 21, 1933, John Schroeder brought suit in a district court of Nueces County against C. H. Klemm and Rosa Klemm (afterwards, but not therein, shown to be husband and wife) to recover upon two promissory notes executed by the Klemms. Judgment by default was rendered in favor of Schroeder against the Klemms on May 8, 1933. The Klemms paid no attention to the judgment for the time being, although it is conceded that they learned, about May 29, 1933, of the rendition of the judgment against them.

As stated, the Klemms paid no attention to the judgment against them for the time

being, but more than four years later, on July 14, 1938, they filed suit against Schroeder in the same court to set aside said judgment. Citation in the case, however, was not issued until October 28, 1946, and was then served upon Schroeder on October 31st, the same year. For cause of action the Klemms alleged that at the time the original judgment was rendered against them Rosa and C. H. Klemm were husband and wife, and that it was not shown that Rosa was not under the disability of coverture or that the notes sued on were executed by her for the benefit of her separate property and estate; that Rosa Klemm did not know that said judgment had been taken against her until after May 29, 1933.

■ It should be said here that nothing in the record of the original suit showed Rosa Klemm to be a married woman, and, of course, we cannot assume here, nor could the court of original jurisdiction assume there, that Rosa Klemm was the wife of C. H. Klemm at the time, any more than it could be assumed that she was the sister of C. H. Klemm, their having similar surnames notwithstanding. In short, nothing can be assumed here, nor could it be in the trial court, in aid of Rosa Klemm's claimed cause of action looking to the setting aside of the original judgment. Rosa Klemm alleged no excuse for failure to earlier file this suit other than the allegation of her marital status. Appellee, Schroeder, answered Rosa Klemm's suit, specially excepting to the petition on the ground that it showed on its face that the cause of action therein asserted was barred by the four-year statute of limitations, in that it appeared in her petition that the judgment assailed was entered on May 8, 1933, that the plaintiff admitted in her petition that she had actual knowledge of the existence of such judgment on or about May 29, 1933, and no suit was brought to set aside said judgment until July 14, 1938; nor was the suit prosecuted by issuance of citation until October 28, 1946, and service thereof was not had upon appellee until October 31, 1946. It appears from the record that C. H. Klemm died March 17, 1939, and upon this showing it was ordered that this cause

be continued in the name of Rosa Klemm, appellant herein.

We quote as follows from the brief of appellee:

"Upon hearing of Appellee's exceptions the parties stipulated as to certain facts as follows:

"That Ben A. Ligon, Clerk of the 117th District Court of Nueces County, Texas, would testify that he is now and has been continuously for many years Clerk of the District Courts of Nueces County, Texas, and that he was so acting prior to July 14, 1938; that he is acquainted with Cause No. 18, 192-C styled C. H. Klemm et al., v. John Schroeder, filed in the 94th District Court of Nueces County, Texas, and that the original petition in such cause was filed on the 14th day of July, 1938, by Mr. Sidney P. Chandler, Attorney for C. H. Klemm and wife, Rosa Klemm; that no citation was issued in such case since no deposit was made for Court costs; that it has always been the custom of his office not to issue any citation until costs deposit, or other arrangements had been made. That on or about the 25th day of September, 1946, I. M. Singer, attorney for Appellant, made a deposit of $15.00 in said cause and on the 28th day of October, 1946, citation was issued to defendant, John Schroeder, and service was had on said defendant on the 31st day of October, 1946. The parties further stipulated that if Appellant were present she would testify that on or about the 10th day of March, 1939, she paid to Sidney P. Chandler, an attorney whom she had engaged to represent her in said cause, the sum of $10.00, for which the said Chandler gave to her his receipt.

"After hearing appellee's exceptions the trial court on December 17th, 1946, rendered judgment sustaining the special exception of Appellee to Appellant's petition on the ground that Appellant's cause of action was barred by the four-year statute of limitation, no diligence having been shown, and Appellant failing to amend, the Court dismissed her cause of action," from which Rosa Klemm has prosecuted this appeal.

■ We are of the opinion that the trial court correctly sustained appellee's

exceptions to appellant's petition and dismissed the suit on appellant's refusal to amend. We think it inescapable that, as a matter of law, appellant's cause of action was barred by the four-year statute of limitations. It was barred because appellant failed to institute her suit to set aside the original judgment within four years from the date of its rendition. Art. 5529, R.S. 1925. The fact that appellant was under the disability of coverture at the time the judgment was taken against her would have been a good defense against the taking of that judgment at the time. But in order to avail herself of that defense she was under the duty and ability to plead that defense and thereby avert the judgment. Having failed to urge the defense against the original suit before judgment was rendered against her she could not afterwards plead such defense in the absence of a showing of fraud, accident or act of appellee in procuring that judgment. Gamel v. City National Bank, Tex.Com. App., 258 S.W. 1043.

█ Moreover, appellant was not only barred by her failure to file suit within four years, but she did not prosecute her suit after it was filed by issuing or serving citation upon the defendant, for about eight years after filing her suit. The mere filing of suit does not interrupt the running of limitations. 28 Tex.Jur. 192, §§ 99 et seq.; Owen v. City of Eastland, 124 Tex. 419, 78 S.W.2d 178, and authorities there cited; Buie v. Couch, Tex.Civ. App., 126 S.W.2d 565, writ refused; City of Gainesville v. Harder, 139 Tex. 155, 162 S.W.2d 93, 95, and authorities there cited. As stated in the last cited case, "It is the settled law of this State that the mere filing of a petition in a suit does not toll the statute of limitation. There must be a bona fide intention that process be issued and served, and due diligence must be exercised in such regard," citing authorities. In Buie v. Couch, supra, in an opinion by Justice Alexander, we quote as follows [126 S.W.2d 566]: "Notice to the defendant is therefore of vital importance, * * * . This object is not accomplished by the mere filing of the suit. The plaintiff must not only file the suit within the statutory period, but it is said that 'there must be a bona fide intention also that process be issued and served and due diligence exercised that such process issue and be served.' Austin v. Proctor, Tex. Civ.App., 291 S.W. 702, 703, par. 3, and authorities there cited; 28 Tex.Jur. 193; Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645. It is said that the duty to obtain service within a reasonable time is a continuing one, Austin v. Proctor, Tex.Civ. App., 291 S.W. 702, par. 4, and while ordinarily a plaintiff may rely on the clerk to perform his official duty of issuing the citation, yet when he learns, or by the exercise of reasonable diligence should learn, that the clerk has failed to do so, it is then encumbent on him to see that it is done. Wood v. Gulf, C. & S. F. R. Co., 15 Tex. Civ.App. 322, 40 S.W. 24, 25; Ferguson v. Estes & Alexander, Tex.Civ.App., 214 S.W. 465."

█ It was found by the trial judge, who was the sole arbiter of the facts in this regard, that appellant showed no diligence in prosecuting this suit by procuring issuance and service of citation upon appellee. The only attempt to prove such diligence was in the testimony of appellant herself, that in March, 1939, she paid her then attorney $10 for deposit for costs, but the district clerk testified that no deposits for costs were made until a later attorney for appellant made a deposit of $15 for costs on September 25, 1946, more than eight years after the suit was filed. But if her testimony be true that she paid her then attorney in March, 1939, an amount to be deposited for costs, then her attorney neglected to so deposit the said amount, which was essential to issuance of citation, then this neglect of her attorney must be imputed to the litigant, Petroleum Casualty Company v. Dean, 132 Tex. 320, 122 S.W.2d 1053; Great American Indemnity Company v. Dabney, Tex.Civ.App., 128 S.W.2d 496, thus destroying all vestige of a showing of diligence.

The facts that plaintiff being a married woman and not subject to this suit at the time it was brought, and judgment being

rendered against her; and that appellee, who prosecuted this suit against her, was and is her blood brother, make the case one which appeals strongly to justice and equity, nevertheless, we have no alternative but to affirm the judgment, which is accordingly done.

Affirmed.