**SPRINGALL et ux. v. FREDERICKSBURG HOSPITAL AND CLINIC.**

No. 12023.

Court of Civil Appeals of Texas. San Antonio.

Nov. 30, 1949.

Rehearing Denied Dec. 28, 1949.

William E. Remy, San Antonio, Arthur Stehling, Fredericksburg, for appellants.

Clinton G. Brown, San Antonio, Alfred Petsch, Fredericksburg, for appellee.

NORVELL, Justice.

Subsequent to proceedings had in this Court with reference to an application for writ of mandamus, the trial court rendered judgment for appellee upon the verdict of the jury, and Mrs. Bessie Newton Springall and her husband, H. S. Springall, have appealed.

Our opinion in the mandamus proceedings contains a brief statement of the case, and it was stated that, "We are not here called upon to pass upon the sufficiency of the evidence to sustain the jury's answers to any of the special issues, such questions are properly raised in a motion for a new trial." See Fredericksburg Hospital and Clinic v. Springall, Tex.Civ.App., 220 S.W.2d 692, 694.

Upon this appeal, appellants raise questions relating to the sufficiency of the evidence in law and in fact. Childre v. Casstevens, Tex.Sup., 224 S.W.2d 461. They contend that there is no evidence supporting the jury's answer to Special Issue No. 4, relating to proximate cause, and (in the alternative) that such finding is against the overwhelming preponderance of the evidence.

It is undisputed that Mrs. Springall slipped and fell upon the waxed asphalt-tile floor of the reception room of the Fredericksburg Hospital and Clinic. The jury found that (1) the floor was slick and slippery; (2) that appellee caused such condition; (3) that such action constituted negligence, but (4) that such negligence was not the proximate cause of Mrs. Springall's injuries. The jury absolved Mrs. Springall of contributory negligence.

In passing upon appellants' contentions we are to credit all evidence favorable to the jury finding and disregard all evidence adverse thereto. We must also indulge every legitimate inference favorable to the finding which may be drawn from the facts proved upon the trial. Henwood v. Neal, Tex.Civ.App.,

198 S.W.2d 125; Mortensen v. Mortensen, Tex.Civ.App., 186 S.W.2d 297.

In accordance with the rules above set out, we make the following statement of the evidence:

The witness George Sims, executive superintendent of the hospital, testified fully as to the method of treating and caring for the floor here involved. The floor was of asphalt-tile which, by reason of its composition, has a natural gloss and, like all asphalt-tile floors, it is "slick." The manufacturer's instructions as to keeping the floor were followed. A mixture of manufacturer's soap, about one teacup to a gallon of water and a disinfectant known as "Pineol" was applied to the floor with a cotton mop. The floor was then mopped with clear water in order to clean it. A ten to fifteen per cent water-base wax, described as self-drying, was then applied. Upon the day Mrs. Spring-all was injured, Johnson's Brown Label wax was used. The wax was a very thin solution and no polishing or buffing machine was used; it did not have to be buffed. A buffer had never been used upon the floor. The use of a polishing machine had been discontinued about a month before Mrs. Springall fell. A polishing machine would take off about ten per cent of the wax. The floor was cleaned and waxed every day except Sunday and, under normal conditions, the liquid wax would dry in about ten minutes. The drying time is affected by weather or climatic conditions. The floor had been waxed between seven and eight-thirty of the morning of June 2d, 1948, when Mrs. Springall was injured. The day was muggy and damp like and the wax may not have been entirely dry when Mrs. Springall fell.

According to appellants' witnesses, Mrs. Springall, who was 72 years of age, entered the reception room of the hospital "in the morning toward the noon hour." The room was rather dark to one entering from the outside. Mrs. Springall took about two steps inside and "turned to the left, or was going to turn to the left, but her feet just went out from under her."

Marks about two feet in length, made by Mrs. Springall's shoes when she slipped, were visible on the waxed surface of the floor. Mr. Sims testified that about 2 P.M. he also observed these skid marks.

There was some testimony to the effect that other persons had slipped and fallen on the floors of the hospital. Much of this was excluded as hearsay. However, Mr. Sims testified that he had heard of two other people slipping on the reception room floor, although he did not know who they were.

In passing upon appellants' contentions, it is necessary to keep in mind the rule that the issue of proximate cause is one of fact and is generally determinable by a jury. 30 Tex.Jur. 723-725, §§ 62, 63. Further, it is the rule that although facts be undisputed, a jury question is presented if reasonable minds may draw different inferences therefrom. Commercial Standard Ins. Co. v. Davis, 134 Tex. 487, 137 S.W.2d 1. In the case of Jones v. Gibson, Tex.Civ.App., 18 S.W.2d 744, 745, Judge Hickman (now Chief Justice of the Supreme Court of Texas), writing for the Eastland Court of Civil Appeals, set forth certain rules which seem applicable here. We quote from the opinion: "Undoubtedly, facts might exist in a given case which would be so conclusive in their nature as to establish, as a matter of law, that a certain act of negligence was the proximate cause of an injury; but such cases are indeed rare, and an examination of the authorities will reveal but few instances in which facts have been so interpreted. *In determining whether a certain negligent act was the proximate cause of an injury, only the facts are to be considered. The findings of the jury convicting the defendant of negligence and exonerating the plaintiff from contributory negligence are to be given no weight.* To our minds, a holding that, since the jury found the defendants negligent and the plaintiff not negligent, and since there is absent from the record evidence that the injuries were inflicted by some other agency or cause, the question of proximate cause was thereby eliminated, is to practically do away

with the well-established doctrine of proximate cause." (Italics ours.)

In our former opinion (220 S. W.2d 692), we also indicated that "proximate cause" contains the element of foreseeableness in addition to causation. For an act or omission to be the proximate cause of an injury, there must not only be a causal connection between the act or omission and the injury, but it must be shown that the particular injury or one similar thereto could have been reasonably foreseen by the person guilty of the act of omission. While it seems that, logically speaking, the element of foreseeableness is not an element of pure causation, the law does not hold one legally responsible for the remote results of his wrongful acts and therefore a line must be drawn between immediate and remote causes. The doctrine of "proximate cause" is employed to determine and fix this line and "is the result of an effort by the courts to avoid, as far as possible the metaphysical and philosophical niceties in the age-old discussion of causation, and to lay down a rule of general application which will, as nearly as may be done by a general rule, apply a practical test, the test of common experience, to human conduct when determining legal rights and legal liability." City of Dallas v. Maxwell, Tex.Com.App., 248 S.W. 667, 670, 27 A.L.R. 927.

Upon examination of the facts of this case, in accordance with the rules above stated, we find that the appellee maintained an asphalt-tile floor by washing it and then treating it with liquid wax. Can it be said, as a matter of law, that in so doing appellee was charged with knowlledge or notice that an accident such as that suffered by Mrs. Springall or one similar thereto would probably occur? We are of the opinion that this question must be answered in the negative. In the recent case of Rogers v. Collier, Tex.Civ. App., 223 S.W.2d 560, 563, this Court points out that: "It is well settled that the waxing or oiling of floors by business houses, offices and shopkeepers is a necessary and customary practice, is not negligence per se, and that a party injured by falling on a waxed floor must go further and establish by competent proof some specific act of negligence, either in the initial waxing or in the method of cleansing. Russell v. Liggett Drug Co., Tex. Civ.App., 153 S.W.2d 231; Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374."

The method of applying the liquid wax in the Rogers case was somewhat similar to that employed by appellee's employees in this case, and while we do not mean to intimate that the evidence here is insufficient to support a finding of negligence, yet it seems to us that the proximate cause issue was one for the jury. It would indeed be drastic to hold, as a matter of law, and without giving effect to the negligence finding, Jones v. Gibson, supra, that under the facts, viewed favorably from the standpoint of the prevailing party below, the appellee should have reasonably foreseen that injury would result from its action in cleaning and waxing the floor. As the burden of proof in regard to the proximate cause issue was upon appellants, we are of the opinion that the jury could have reasonably concluded that this burden was not met. It is suggested by appellee, as a reasonable hypothesis, that although the wax ordinarily dried within a short period of time, upon this particular day, by reason of peculiar and unusual atmospheric conditions, the drying out of the water mixture containing wax was delayed unusually long, and that this was a circumstance which the jury could believe was not reasonably foreseen by appellee's employees. In our opinion, this theory is one which the jury could have reasonably accepted.

We are of the opinion that the record does not show, as a matter of law, that appellee's acts were the proximate cause of Mrs. Springall's injury. We further hold that the jury's answer to Special Issue No. 4 (the proximate cause issue) is not contrary to the overwhelming preponderance of the evidence.

The judgment appealed from is affirmed.