## POYNOR v. VARNER.

No. 2943.

Court of Civil Appeals of Texas.

Eastland.

March 26, 1954.

Woodruff & Holloway, Davis & Allcorn, Brownwood, for appellant.

Levie Old, Callaway & Callaway, Brownwood, for appellee.

GRISSOM, Chief Justice.

In a trial to the court, Varner recovered judgment against Poynor for the balance of a contract price for drilling a well. Poynor was denied recovery on his cross-action for the amount paid on the contract. Poynor has appealed.

The contract sued on provided that Varner was to drill the hole with due diligence and in a good and workmanlike manner. Poynor defended and filed a cross-action to recover what he had paid under the contract on the ground that Varner breached the contract because he did not drill with diligence and in a workmanlike manner, but drilled a defective, crooked hole from which oil, if it had been found, could not have been profitably produced.

Poynor's points are, in effect, that the court erred in rendering judgment for Varner on his cause of action and on Poynor's cross-action because the preponderance of the evidence showed that Varner did not drill with due diligence and in a good and

workmanlike manner but breached his contract and drilled a worthless hole.

■ Appellant's points that the findings are against the preponderance of the evidence do not present the point that such findings were so against the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust. In re King's Estate, Tex.Sup., 244 S.W.2d 660, 662; Texas Employers' Ins. Ass'n v. Moran, Tex.Civ.App., 261 S.W.2d 855, 856 (application for writ of error dismissed for want of jurisdiction). However, after a careful study of the statement of facts, we think the result would probably have been the same. In determining whether the findings are against the preponderance of the evidence we are required to consider only the evidence favorable thereto and to disregard all evidence to the contrary and if the evidence favorable thereto raises a question of fact on which reasonable minds might differ we are not authorized to set aside the findings. See Buss v. Robison, Tex.Civ.App., 255 S.W.2d 339, 341 (R.N. R.E.); Springall v. Fredericksburg Hospital and Clinic, Tex.Civ.App., 225 S.W.2d 232, 233; Montgomery Ward & Co. v. Scharrenbeck, 146 Tex. 153, 204 S.W.2d 508, 511; Ruebeck v. Hunt, 142 Tex. 167, 176 S.W. 738, 740, 150 A.L.R. 775; Coxson v. Atlanta Life Insurance Co., 142 Tex. 544, 179 S.W.2d 943, 945; City of Abilene v. Moore, Tex.Civ.App., 12 S.W.2d 604, 606 (Writ Ref.); Phillips Petroleum Co. v. Thomas, Tex.Civ.App., 167 S.W.2d 571, 572 (R.W.M.); Federal Underwriters Exchange v. Hinkle, Tex.Civ.App., 187 S.W. 2d 122, 124 (R.W.M.); 3-B Tex.Jur. 453; 3 Tex.Jur. 1097.

■ It would serve no useful purpose to quote or to state in effect all the evidence which we think sustains the findings. We think there is evidence of probative force to sustain the conclusion that the contract was what Varner alleged it to be and that he drilled the hole with reasonable diligence and in a good and workmanlike manner. Even if we could consider appellant's evidence to the contrary, much of it could reasonably be explained on the theory that

when appellant made tests to determine whether the well was too crooked to be of value the well had been abandoned for about three weeks and there was evidence of the presence of water and sluffing of soil from the sides of the well, from which the court could reasonably conclude that the well was in a different condition than it was when Varner stopped drilling.

The judgment is affirmed.