Lorraine C. REED, Appellant,

v.

David G. REED, Appellee.

No. 13190.

Court of Civil Appeals of Texas.

San Antonio.

April 17, 1957.

Rehearing Denied May 29, 1957.

Matthews, Nowlin, Macfarlane & Barrett, San Antonio, for appellant.

Moursund, Ball, Bergstrom & Barrow, San Antonio, Robert E. Cunningham, El Paso, for appellee.

BARROW, Justice.

This suit for divorce, hereinafter referred to as second suit, was filed by appellant, Lorraine C. Reed, against appellee, David G. Reed, in the 45th Judicial District Court of Bexar County, Texas, on February 1, 1956. Appellee answered by plea in abatement, alleging in substance, that prior to the commencement of second suit, on June 6, 1955, he filed his petition against

appellant for divorce in the 65th Judicial District Court of El Paso County, Texas, hereinafter referred to as first suit, which involves the same cause of action, the same parties, the same subject matter and the same issues as second suit; that first suit is still pending, and that trial thereof and judgment therein will finally dispose of the issues presented in second suit. Appellant, answering said plea in abatement, denied that first suit was commenced on June 6, 1955, or at any time prior to the filing of second suit, alleged that appellee did not file such suit with a bona fide intention to obtain service and prosecute his suit, and denied knowledge or notice of the filing of first suit prior to the filing of her suit.

Upon a hearing of the plea in abatement, both appellant and appellee introduced evidence tending to prove their respective contentions. The court, after hearing such evidence, sustained the plea in abatement and dismissed the second suit for divorce. This appeal is from that judgment.

It is not disputed that appellee filed suit for divorce in the 65th District Court of El Paso County, Texas, on June 6, 1955, that appellant filed the second suit in the 45th District Court of Bexar County, Texas, on February 1, 1956, nor that each party plaintiff, at the time of filing the respective suits, had the requisite domicile and residence qualifications to maintain such suits. It is not disputed that both suits involve the same parties, subject matter and issues, that the suit filed by appellee in the 65th District Court of El Paso County is still pending, and trial of that case would be determinative of all controversies and issues involved in second suit filed by appellant against appellee in Bexar County. Appellant contends that the evidence shows as a matter of law that appellee did not file the first suit and exercise diligence to have process issued, that he did not request a waiver of citation, and gave no notice of the suit to appellant; that the great and overwhelming preponderance of the evidence shows that appellee did not file his petition in El Paso County in good faith, or with the intent to prosecute the same; and that the great and overwhelming preponderance of the evidence shows that appellee, after filing the first suit in El Paso County, exercised no diligence to have process issued or to otherwise give appellant notice of the filing of same.

In passing upon appellant's first contention we are to credit all evidence favorable to the trial court's implied finding, and disregard all evidence adverse thereto. Springall v. Fredericksburg Hospital and Clinic, Tex.Civ.App., 225 S.W.2d 232; Henwood v. Neal, Tex.Civ.App., 198 S.W.2d 125; Mortensen v. Mortensen, Tex.Civ.App., 186 S.W.2d 297.

Viewing the evidence in the light of the above rules, we find, in addition to the above undisputed facts, that appellee testified he filed the first suit in good faith with the bona fide intent to prosecute the same; that he informed appellant that he had done so. The testimony of both parties shows that during all the time material to this controversy they contemplated a divorce. On at least one occasion they discussed, but failed to accomplish, a reconciliation. That during the pendency of appellee's suit they negotiated, personally and by correspondence, and through their respective attorneys, in an effort to agree upon the custody of the children. Appellant testified that appellee told her that he was going to get a divorce. A party may testify as to his own intentions. His testimony, however, is not conclusive, but it may be considered along with the other evidence in the case. Tuerpe v. George Saunders Live Stock Commission Co., Tex.Civ.App., 245 S.W. 741 (writ dismissed).

Where, in a hearing before the Court, the evidence favorable to the judgment rendered by the court raises a question of fact on which reasonable minds might differ, the appellate court is not

authorized to set aside the findings of the trial court. Poynor v. Varner, Tex.Civ. App., 266 S.W.2d 462; Springall v. Fredericksburg Hospital and Clinic, Tex.Civ. App., 225 S.W.2d 232.

■ We have concluded that the trial court's judgment has support in the evidence, and that the judgment and implied findings are not contrary to the great and overwhelming preponderance of the evidence.

The judgment is affirmed.

### On Motion for Rehearing.

We adhere to our original opinion, but in view of the motion for rehearing presented by appellant's counsel, we feel disposed to write this additional opinion.

Appellant contends that we erred in failing to hold that the evidence disclosed, as a matter of law, that appellee did not commence his suit in the El Paso Court prior to the commencement of appellant's suit, in that he did not cause process to be issued for fifteen months after the filing of his suit. Appellant's contention appears to be based on the fact that appellee did not cause citation to be issued until after the time appellant filed her suit, and that there was an unreasonable delay. This contention cannot be sustained.

In support of her contention appellant submits a number of authorities. All of these cases are on the question of limitation. Each of the cases cited holds that in order to interrupt the running of the statute of limitation it is not enough to file the petition within the required period of time, but that process must be issued and served with diligence, because the statute requires that the action be "commenced and prosecuted" within the statutory period. Judge Alexander in Buie v. Couch, Tex.Civ.App. Waco, 126 S.W.2d 565, has ably stated the rule and the reason for it in limitation cases, in the following language:

"Revised Statutes, art. 5527, provides: 'There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court * * * for debt where the indebtedness is evidenced by or founded upon any contract in writing.' The object of this statute in requiring suits to be filed and prosecuted within a fixed time is not only to require plaintiff to definitely commit himself as to whether he intends to demand satisfaction of his claim but to advise the defendant thereof in order that he may prepare his defense and preserve his evidence in support thereof before the evidence is lost by the lapse of time. Notice to the defendant is therefore of vital importance, for otherwise receipts and other physical evidence might be destroyed, or his witnesses might die, or their memories fail before he had notice of the necessity of preserving the testimony. This object is not accomplished by the mere filing of the suit." (Emphasis added.)

■ There is nothing in any of these authorities to indicate that in an abatement hearing the suit is not commenced and pending, as against a suit subsequently filed. They hold that failure to promptly and diligently cause process to be issued does not toll the statutes of limitation. In these cases involving the statutes of limitation, could it be said, in the event the defendant failed to plead the statute, that the case was not filed and pending? We think not. On the other hand, in cases where a plea in abatement is urged against a suit subsequently filed, all that is required in that connection is that the first suit be filed with the bona fide intent to prosecute the same. This is a question of fact to be determined by the trier of the facts, whose findings, supported by the evidence, are binding on the appellate court. Powers v. Temple Trust Co., 124 Tex. 440, 78 S.W.2d 951; Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645; Long v. Long, Tex.Civ.App.,

269 S.W. 207; 1 Tex.Jur. 102, § 72. See also, Owen v. City of Eastland, 124 Tex. 419, 78 S.W.2d 178; Southwestern Life Ins. Co. v. Sanguinet, Tex.Civ.App., 231 S.W.2d 727, 731; Klemm v. Schroeder, Tex.Civ.App., 204 S.W.2d 675, 678; Rule 22, Texas Rules of Civil Procedure; Cameron v. Cameron, 235 N.C. 82, 68 S.E.2d 796, 31 A.L.R.2d 442. These cases clearly draw the distinction between the mere filing of a suit and the diligence required to toll the statutes of limitation.

Appellant's motion for rehearing is overruled.

POPE, Justice (dissenting).

In my opinion the trial court erred in abating the suit for divorce filed by Lorraine C. Reed in Bexar County on the grounds that her husband, David G. Reed, had a prior pending divorce suit in El Paso County. The parties stipulated that the husband filed a divorce suit in El Paso County on June 6, 1955. They stipulated further that "no citation to the defendant, Lorraine C. Reed, was requested or issued prior to August 22, 1956." In other words, the husband filed a divorce action and did nothing further in connection with the suit for a period of fifteen months.

The only evidence of the husband's diligence is his own statement that he intended to prosecute the case and that he orally told his wife that he had filed the suit. David G. Reed lived in El Paso and his wife lived in San Antonio. He had an attorney and so did his wife, and they exchanged letters touching the custody of their children, support and community property. Neither the husband nor his attorney ever asked the wife to execute a waiver of citation. The correspondence from the husband's attorney is in evidence, and not once did the letters mention a pending suit. The record is silent concerning anything that the wife did or said which would operate as a waiver of her right to be served with process. The record does not show that the wife ever saw or knew the contents of the husband's petition for divorce until she was served with process, fifteen months after suit was filed. In fact, the husband's petition asked for full custody of three children; a fact which none of the letters or conversations had previously disclosed. The husband's petition offered no child support and did not ask for a division of the community property. These things were matters that the husband alone knew were in the pleadings.

Lorraine C. Reed did nothing to mislead her husband and had nothing to do with the failure to issue citation. Every minute of the fifteen months delay is attributable to the husband or to the clerk whom the husband did not instruct. The husband and his attorney knew at all times where the wife lived, wrote her letters and talked to her in person. In the face of these undisputed and stipulated facts, the husband testified that he intended to prosecute the action.

On February 1, 1956, Lorraine C. Reed filed this suit in Bexar County and promptly mailed her husband a copy of the petition and a waiver of citation. The husband still did not cause process to issue against his wife. On August 8, 1956, the husband was served with citation to appear in the Bexar County action. Nineteen days later the wife was served with citation to appear in the El Paso case. It was six months after the husband received a copy of his wife's petition and waiver when he caused citation to issue. My search has not produced a single instance where one who has waited as long as fifteen months before original process issued, has been declared diligent in commencing his action. "A civil action is instituted in the district or the county court by filing a written petition stating the plaintiff's claim pursuant to a bona fide intent to have process promptly issued and served and to prosecute the action to judgment." 2 McDonald, Texas Civil Practice, § 6.10; 1 Tex.Jur., Abatement and Revival, § 72. There must not

only be a bona fide intention to have process issued but due diligence must be exercised to see that it is done. Assuming that the clerk failed to do his duty instead of holding up issuance of citation on instructions, fifteen months is too long for one to wait to make a first inquiry whether his adversary has been served, especially when the adversary's address is known at all times. David G. Reed was under the duty to exercise ordinary diligence to determine whether the clerk had issued citation. Allen v. Masterson, Tex.Civ.App., 49 S.W.2d 855. Whether a plaintiff is negligent in failing to prosecute a suit is a material issue on whether the suit was commenced. San Saba Nat. Bank of San Saba v. Parker, 135 Tex. 136, 140 S.W.2d 1094; McDonald, v. Evans, Tex.Civ.App., 217 S.W.2d 870. In Klemm v. Schroeder, Tex.Civ.App., 204 S.W.2d 675, 677, this Court quoted from Buie v. Couch, Tex.Civ.App., 126 S.W.2d 565, 566, in connection with filing a suit to toll limitations, which authority stated:

"The plaintiff must not only file the suit within the statutory period, but it is said that 'there must be a bona fide intention also that process be issued and served and due diligence exercised that such process issue and be served.' Austin v. Proctor, Tex.Civ.App., 291 S.W. 702, 703, par. 3, and authorities there cited; 28 Tex.Jur. 193; Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645. It is said that the duty to obtain service within a reasonable time is a continuing one, Austin v. Proctor, Tex. Civ.App., 291 S.W. 702, par. 4, and while ordinarily a plaintiff may rely on the clerk to perform his official duty of issuing the citation, yet when he learns, or by the exercise of reasonable diligence should learn, that the clerk has failed to do so, it is then encumbent on him to see that it is done. Wood v. Gulf, C. & S. F. R. Co., 15 Tex.Civ. App. 322, 40 S.W. 24, 25; Ferguson v. Estes & Alexander, Tex.Civ.App., 214 S.W. 465."

Most of the cases concerning the commencement of suits arise under the limitations statutes, but they are instructive. In Buie v. Couch, there was an interval of almost nine months from the time suit was filed to the time citation was sent to another county for service. The Court stated [126 S.W.2d 567]: "Such conduct on his part, without any excuse therefor, is wholly inconsistent with due diligence and constitutes negligence as a matter of law. Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645; Ferguson v. Estes & Alexander, Tex. Civ.App., 214 S.W. 465; Austin v. Proctor, Tex.Civ.App., 291 S.W. 702." See also, Anderson Co. v. Young, 128 Tex. 631, 101 S.W.2d 798; Owen v. City of Eastland, Tex.Com.App., 124 Tex. 419, 78 S.W.2d 178; Maddox v. Humphries, 30 Tex. 494.

In my opinion, the time which elapsed between the filing of the suit and issuance of citation was so long as to render meaningless the conclusion of the husband that he continually intended to prosecute his case.

I respectfully dissent. I would reverse and remand the case.